PEREZ, APPELLANT, *v.* FALLS FINANCIAL, INC. ET AL., APPELLEES.

[Cite as *Perez v. Falls Financial, Inc.* (2000), 87 Ohio St.3d 371.]

(No. 98–1775—Submitted June 9, 1999—Decided January 5, 2000.)

372

374

*John F. Norton; Davis & Young Co., L.P.A.,* and *Patrick F. Roche,* for appellant.

*Milisor & Nobil Co., L.P.A., Sue Marie Douglas, Keith L. Pryatel* and *Stephen C. Sutton,* for appellees.

---

PFEIFER, J. We find that the facts of this case fail to reach the very high standard necessary to invoke the civil plain error doctrine set forth by this court in *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus.

In *Goldfuss,* this court set forth the standard for the plain error doctrine as follows:

"In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."

Neither party argues that the trial judge abused her discretion in ordering the jury to further consider its general verdicts and interrogatory answers in this case. Civ.R. 49(B) states that "[w]hen one or more of the answers is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial." In *Shaffer v. Maier* (1994), 68 Ohio St.3d 416, 421, 627 N.E.2d 986, 990, a case with a conflicting general verdict and interrogatory response, this court stated that "the clear, best choice was to send the jury back for further deliberations."

The trial judge certainly acted within her discretion in ordering the jury to deliberate further. This is not an instance where the judge simply entered judgment based on the verdict forms without regard to inconsistent interrogatory answers—in such an instance the plain error doctrine could be invoked. Here, the appellate court found that the trial court steered the jury to choose its general verdicts over its interrogatory responses. The appellate court also held

that "the trial court allowed the general verdict to control, thereby negating the purpose of special interrogatories."

In reviewing the record, we do not see any clear evidence that the court was trying to exert undue influence on the deliberations of the jury. The trial court allowed the general verdicts to control the interrogatory answers because that is how the jury decided to reconcile them. The court of appeals noted that "the court referred to the general verdict 'for the plaintiff' five times while delivering the reconciliation instruction" and that "in the case of each inconsistent interrogatory, the court instructed the jury to reconcile the inconsistent interrogatory with the verdict 'for the plaintiff.' " We find the phrase "for the plaintiff" to be a mere descriptive phrase to describe the verdict that the judge was referencing and as a way of explaining why the interrogatory responses, which were contrary to the plaintiff, were inconsistent with the verdicts. At the outset and at the conclusion of her remarks to the jury, the trial judge made no reference to "for the plaintiff" language.

The court's opening remarks were:

"The interrogatories that you answer must be able to be reconciled with the general verdict or they must be consistent with the general verdict.

"In reviewing the verdict forms and the interrogatories, answers to the interrogatories with counsel, there appear to be two inconsistencies that I need to draw your attention to.

"And what you're going to have to do is consider these two inconsistencies, and go back into the jury room, and you must reconcile these two interrogatories with your general verdict form on that particular count."

The trial judge concluded her remarks to the jury by stating:

"Ladies and gentlemen, the Court is going to return you to the jury room specifically to answer those two questions posed to you by the court in terms of trying to reconcile those two interrogatories with your verdict forms."

Even if appellees had objected to the reconciliation, it is less' than clear that this court would find the instruction erroneous. In her final words to the jury, the judge speaks in terms of its "trying to reconcile" the interrogatory responses and the general verdicts. At no point did the judge instruct the jury that it could not change its general verdicts. "A jury charge must be considered as a whole and a reviewing court must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights." *Becker v. Lake Cty. Mem. Hosp. West* (1990), 53 Ohio St.3d 202, 208, 560 N.E.2d 165, 171. As a whole, it does not appear that the trial judge was trying to impose her will on the jurors.

Certainly, the instruction could have been more artfully phrased. Instead of instructing the jury that the interrogatory responses must be reconciled with the general verdicts, the judge could have stated that the interrogatory responses and general verdicts should be reconciled with each other. The judge could have made it abundantly clear that one did not control over the other, but that the two should be harmonious.

However, appellees did not object to the charge. And we were not in the courtroom. It may have been relatively obvious to the judge and to the parties that the jury had simply made a clerical error. Certainly, with a list of forty-five interrogatories, that is possible. The record does not reflect which jurors signed the interrogatory responses that were at odds with the general verdicts. Six of the eight jurors signed the relevant general verdict forms; if those same six jurors also signed the contradictory interrogatory responses, then a clerical error was likely. And that may be the reason that the appellees did not object at trial.

Certainly, whatever error the trial judge may have made, we cannot say that it affected "the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss,* syllabus. To the contrary, the trial judge attempted to aid the integrity of the proceeding. She sought a consistency of result. The trial judge stood in the best position to achieve a fairness of result, and the lack of any objection points to the likelihood that she did achieve such a result. Rather than "challenging the legitimacy of the underlying judicial process itself," this case reflects why we defer to trial judges to untangle the knotty problems that jury trials sometimes present.

From what we can glean from the record, it appears that the basic fairness of the process was preserved. The jury did find that Perez was the victim of discriminatory hiring and discriminatory termination. Its general verdicts reflected those findings. This same jury later returned with a $250,000 punitive damages award against the appellees. In the end it appears that the jury achieved its intended result.

We find that the trial judge's reconciliation instruction did not constitute plain error. We reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

**Cook, J., dissenting.** I agree with the court of appeals' judgment to reverse. This inadvertent "steering" by the trial judge meets the exceptional circumstances envisioned by the *Goldfuss* court because the error affects the "integrity * * * of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus. I would, however, grant a new trial rather than enter judgment for the defendants.