OPINION
Appellants, Lynn and Kevin Crouch, appeal from the judgment of the Trumbull County Court of Common Pleas.
On June 13, 1997, appellants filed a personal injury complaint against appellee, Corinth Assembly of God, a church located at 6745 Warren Meadville Road, Cortland, Ohio. In their complaint, Mr. and Mrs. Crouch alleged that Mrs. Crouch fell on a set of interior steps at the church, and appellee's negligence in maintaining those steps proximately caused her fall and resultant injuries. Mr. Crouch also alleged that due to appellee's negligence he has been deprived of the consortium and services of his wife.
A jury trial commenced on February 16, 1999. After the presentation of evidence, the jury received instructions and seven written interrogatories, as well as a general verdict form. On February 19, 1999, the jury finished deliberating and the trial court announced the jury's answers to the interrogatories and its verdict:
 THE COURT: "* * * [T]here had been some questions regarding the proper filling out of the interrogatories which the Court had answered and I have reviewed these verdict forms and they are in order.
 "I will read them as follows: Interrogatory Number 1, do you find the Defendant negligent? Answer, yes. Signed by all eight jurors.
 "Interrogatory Number 2, do you find that the Defendant's negligence was the proximate cause of the injury to the Plaintiff? Answer, yes. Signed by seven of the jurors.
 "Number 3, do you find the Plaintiff was negligent? Answer, yes. Signed by all eight jurors.
 "Number 4, do you find that the Plaintiff's own negligence was a proximate cause of her injuries? Yes. Signed by all the jurors.
 "State the percentages of negligence directly and proximately caused by the plaintiff's injuries [sic]. Sixty-four percent for the plaintiff, thirty-six for the defendant.[1] Total compensatory damages, $45,646.[2] And the Interrogatory indicates that same amount itemized out into medical expenses, lost earnings to spouse, pain and suffering and future damages with no consortium[3] and a general verdict for the defendant signed by all eight jurors.
 "Ms. Franklin, this is the verdict of the Jury; is that correct?"
Juror No. 3: "Yes, sir."
THE COURT: "Anything from the plaintiff?"
MR. GEMMA: "No, Your Honor."
THE COURT: "Anything from the defendant?"
MR. KURI: "No, Your Honor."
The trial court then released the jury and entered judgment on the verdict. On March 2, 1999, appellants filed a motion for a new trial on the grounds of irregularity in the proceedings of the jury. Appellant argued that they were entitled to a new trial because the verdict was incomplete, defective, and legally insufficient due to the jury's failure to place signatures on "Interrogatory # 5," which read as follows:
 "State the percentages of negligence that directly and proximately caused the plaintiff's injuries.
 Percentage of negligence of the risk or both attributable to the plaintiff
. . 64%
 Percentage of negligence attributable to the defendant
. . 36%
These percentages must equal the total of
. . 100%"
The trial court denied appellant's motion for a new trial. The trial court reasoned that appellant waived any error by failing to object before the jury was released and determined that the doctrine of plain error was not applicable. From this judgment, appellants assign the following error:
 "The trial court committed error in accepting the general verdict and entering judgment thereon in the absence of the requisite number of jurors having signed the answer to Interrogatory No. 5."
In their sole assignment of error, appellants, who acknowledge that their failure to object before the jury was released waives all but plain error, contend that the jurors' failure to sign "Interrogatory #5" constitutes plain error because the verdict violated the "same juror" rule and was legally insufficient.
Appellants argue that the "same juror" rule was violated in this case because, in the absence of any signatures on "Interrogatory #5," it is impossible to ascertain if three-fourths of the jurors participated in the apportionment of comparative negligence. Appellants rely onO'Connell v. Chesapeake Ohio Railroad Co. (1991), 58 Ohio St.3d 226,569 N.E.2d 889, which held that a trial court commits plain error when it enters judgment upon a jury verdict when the "same juror" rule is violated. Under the "same juror" rule, "[i]n a case tried under comparative negligence principles, three-fourths of the jury must agree as to both negligence and proximate cause, and only those jurors who so find may participate in the apportionment of comparative negligence."Id. at syllabus. If jurors are precluded from apportioning fault because they do not find that a party's negligence proximately caused injury to the plaintiff, a verdict is not valid unless at least three-fourths of jurors were left to participate in the apportionment of comparative negligence. Id. at 236-237.
Because the facts in O'Connell are distinguishable from the facts in the instant case, we cannot conclude that trial court committed plain error by entering judgment on the jury's verdict. In O'Connell, in contravention to Civ.R. 49, the jury did not render a general verdict; instead, the parties entered into an agreement that the court would render judgment based on the jury's answers to six interrogatories. In the case sub judice, the jury rendered a general verdict, signed by all eight jurors, in favor of appellee. Furthermore, a review of the interrogatories submitted to the jury demonstrates that all eight jurors agreed that Mrs. Crouch's negligence proximately caused her injuries and seven of the eight jurors agreed that appellee's negligence proximately caused Mrs. Crouch's injuries. In O'Connell, only six of eight jurors apportioned fault between the plaintiff and the defendant, and of those six jurors, two of them should have been precluded from participating in the apportionment of fault because they did not agree as to both negligence and proximate cause.
As stated by the Supreme Court of Ohio,
 "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Perez v. Falls Financial, Inc. (2000), 87 Ohio St.3d 371, 375, 721 N.E.2d 47, quoting Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus.
Plain error does not exist in this case because the jurors' failure to sign "Interrogatory #5" does not undermine the integrity of the judicial process. Civ.R. 49(B) provides in part: "When the general verdict and the answers [to interrogatories] are consistent, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58." In the instant case, the general verdict and the answers to interrogatories are consistent with one another. Even though it is not signed, in "Interrogatory #5," the jury found Mrs. Crouch sixty-four percent negligent in causing her own injuries and appellee thirty-six percent negligent in causing her injuries. This apportionment of negligence is consistent with the jury's general verdict in favor of appellee.
We also note that "Interrogatory #5," "Interrogatory #6," and "Interrogatory #7" do not contain lines for juror signatures, as do the first four interrogatories. Appellants have not made reference to any place in the record to indicate that they were unfairly prevented from viewing the interrogatories before they were submitted to the jury. Because the answers to interrogatories are consistent with the jury's general verdict, we refuse to apply the doctrine of plain error to overturn an otherwise valid verdict. Appellants' sole assignment of error has no merit.
For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.
 __________________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J., concur.
[1] Answer to "Interrogatory #5."
[2] Answer to "Interrogatory #6."
[3] Answer to "Interrogatory #7."