JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, David Edge ("appellant"), appeals from his conviction in the Cuyahoga County Court of Common Pleas. Appellant maintains that the trial court erred in failing to conduct a voir dire of the entire jury panel to ascertain whether intimidation had occurred. After a careful review of the record, we affirm. On February 15, 2001, appellant was indicted by the Cuyahoga County Grand Jury in CR 402600B for aggravated robbery[1] with one and three-year firearm specifications,[2] and kidnapping[3] with one and three-year firearm specifications. Appellant was indicted for identical charges in CR 402598.[4]
 {¶ 2} On July 18, 2001, a jury trial commenced in CR 402600B. The record reveals that appellant and another male, Sheli Carver ("Carver")[5], entered a Radio Shack on Pearl Road in Strongsville, Ohio, wearing ski masks and armed with guns. Appellant then ordered the clerk at gunpoint to show him where the money was kept. Appellant ordered the clerk to lie down and Carver bound the clerk with duct tape. Appellant withdrew the money from the cash register and then kicked the clerk in the head. The clerk called the police after Appellant and Carver fled. The Strongsville Police Department stopped the vehicle operated by Appellant and contain another man, both of whom matched the description provided by the clerk. In the vehicle, the police discovered gloves, ski masks, duct tape, two firearms and stolen merchandise.
 {¶ 3} On July 20, 2001, appellant was found guilty of all charges. On August 5, 2001, the trial court imposed its sentence upon appellant of a total of 12 years imprisonment. On that same date, appellant also pleaded guilty to all counts in CR 402598. In that case, the trial court sentenced appellant to a total of nine years imprisonment to be served concurrently.
 {¶ 4} Appellant submits a single assignment of error for our review.
 {¶ 5} "The Court erred when it did not conduct a voir dire of the entire jury to ascertain whether there was intimidation of Juror No. 5."
 {¶ 6} In this assignment of error, the appellant contends that the trial court erred when it failed to conduct a voir dire of the entire jury after Juror No. 5 wrote a note to the trial court indicating that she believed the other jurors were "jumping" on her.
 {¶ 7} After the jury had commenced deliberations, the trial court received the following note from Juror No. 5:
 {¶ 8} "My name is * * *. I am the only one who thinks the defendant is innocent. The other jurors jumped all over me. I am on Prozac 50 mg. I believe the man is innocent. I'm willing to stay here for a year to prove his innocent [sic]. My husband passed away April 21, this year. My mother died Dec. 7, 2000. Can I be excused, they think I'm crazy. I am under a physchiatrists [sic] care. I was susidial [sic] 2 weeks ago. Why are they all against me?"
 {¶ 9} The trial court examined the juror in the presence of defense counsel and the prosecution. The juror informed the court that she was taking Prozac for treatment of depression due to the loss of her husband. She requested that she be excused because she felt continued service would be unpleasant for her as she was the only juror who believed the appellant was innocent. However, Juror No. 5 informed the court that continued service would not affect her health and indicated that she could complete the deliberations. After the meeting with the juror, the prosecutor requested that she be removed; however, defense counsel requested that she be permitted to remain on the panel and stated:
 {¶ 10} "Your Honor, I don't think there is any cause that has been expressed by Juror No. 5. Is there any reason she should be dismissed?
 {¶ 11} "She is clearly upset with the process that was going on back there, but the indication by the prosecutor is if she does not want to perform her duty, it can also be said about the other 11, they have both, we have one juror who made up her mind one way, 11 the other way. That is the jury process that goes on here.
 {¶ 12} "She seems to be upset. She clearly said that she could continue performing as a juror.
 {¶ 13} "There is nothing to indicate that she is not going to perform her duty as a juror. She has an opinion, she is holding to that opinion. There is just no reason whatsoever for any cause to have her dismissed."
 {¶ 14} Thereafter, the trial court ordered the jurors, including Juror No. 5, to continue with deliberations. The decision to order the jury to continue deliberations is within the sound discretion of the trial court. Perez v. Falls (2000), 87 Ohio St.3d 371, 375; State v.Robb (2000), 88 Ohio St.3d 59. Subsequently, the panel reached a unanimous verdict of guilty on all counts.
 {¶ 15} Appellant argues that because Juror No. 5 changed her opinion, this indicates that she was highly influenced by the other 11 jurors and that her opinion was not of her own free will. Appellant argues that the totality of the circumstances required a voir dire of the entire panel to insure that there was no misconduct on the part of the other jurors.
 {¶ 16} We note that defense counsel did not object when the trial court permitted Juror No. 5 to continue with deliberations; in fact, counsel argued that there was no reason for her to be excused. Further, defense counsel did not request that the entire panel be subject to examination and did not object when the trial court examined only Juror No. 5. Therefore, on appeal, the defendant has waived all but plain error.
 {¶ 17} "It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." (Citation omitted). State v. Childs (1968),14 Ohio St.2d 56, 236 N.E.2d 545, paragraph three of the syllabus.
 {¶ 18} "Pursuant to Crim.R. 52(B), plain errors or defects which affect substantial rights may be grounds for reversal even though they were not brought to the attention of the trial court. Notice of plain error, however, applies only under exceptional circumstances to prevent a manifest miscarriage of justice. State v. Long, supra, 53 Ohio St.2d 91,372 N.E.2d 804, paragraph three of the syllabus. `Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise.' State v. Moreland (1990),50 Ohio St.3d 58, 62, 552 N.E.2d 894, 899." State v. Phillips (1995),74 Ohio St.3d 72, 83, 656 N.E.2d 643, 658.
 {¶ 19} Appellant does not present evidence that Juror No. 5 was pressured or intimidated into changing her opinion or that her decision was not of her own free will. Juror No. 5 never indicated that she felt pressured or intimidated. In fact, to the contrary, Juror No. 5 informed the court it would be unpleasant because they would be there for weeks, indicating her resolve. After the verdict was returned, defense counsel requested that the jurors be polled. Juror No. 5 had the opportunity at that time to inform the court that she did not agree with the verdict. However, once polled, she clearly stated that it was her verdict.
 {¶ 20} "A jury poll's purpose is to `give each juror an opportunity, before the verdict is recorded, to declare in open court his assent to the verdict which the foreman has returned and thus to enable the court and the parties to ascertain with certainty that a unanimous verdict has in fact been reached and that no juror has been coerced or induced to agree to a verdict to which he has not fully assented.'" Statev. Hessler (2000), 90 Ohio St.3d 108, 121, quoting, Miranda v. UnitedStates (C.A.1, 1958), 255 F.2d 9, 17.
 {¶ 21} Juror No. 5 not only agreed with the verdict, but she did not present any further complaints regarding the deliberation process to the court. Appellant presents no evidence that Juror No. 5 did not exercise her own free will other than the fact that she changed her opinion regarding the appellant's innocence. Further, there is no evidence that Juror No. 5 was not capable of continuing deliberations due to her mental state.
 {¶ 22} We do not find that a voir dire of the entire panel would have necessarily discovered misconduct or intimidation of Juror No. 5. We cannot say that but for the failure to examine each juror, the outcome of the trial would clearly have been otherwise, and thus, we find no plain error. Accordingly, appellant's single assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., AND TIMOTHY E. McMONAGLE, J., CONCUR.
[1] R.C. 2911.01.
[2] R.C. 2941.141, 2941.145.
[3] R.C. 2905.01.
[4] In CR 402598, Appellant was indicted for robbing a store in Middleburg Heights, Ohio, with a firearm and kidnapping the store clerk.
[5] Sheli Carver was also indicted in connection with these crimes and pleaded guilty to all counts.