[Cite as *Brown v. Taylor*, 2016-Ohio-5180.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| RONNIE BROWN, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2015-11-199 |
| - vs - | : | O P I N I O N<br>8/1/2016 |
| | : | |
| DAVID TAYLOR, et al., | : | |
| Defendants-Appellees. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2014-02-0346

O'Connor Acciani & Levy L.P.A., Kory A. Veletean, 1014 Vine Street, Suite 2200, Cincinnati, Ohio 45202, for plaintiff-appellant

Davidson Law Offices Co., L.P.A., David T. Davidson, 1800 One Dayton Centre, 1 South Main Street, Dayton, Ohio 45402, for defendant-appellee

**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, Ronnie Brown, appeals the decision of the Butler County Court of Common Pleas denying his motion for judgment notwithstanding the verdict ("JNOV") or motion for a new trial following a jury verdict granted in favor of defendant-appellee, David Taylor. For the reasons outlined below, we affirm.

{¶ 2} Brown and Taylor were involved in a motor vehicle collision on the evening of February 6, 2012. At the time of the accident, it is undisputed that Taylor was backing his

vehicle into his driveway. However, the parties dispute whether Taylor was completely in his driveway or in the roadway. Brown filed this action against Taylor, which proceeded to a jury trial.

{¶ 3} Brown testified that he was driving his vehicle in the roadway when he suddenly collided with Taylor's vehicle in the street. Brown stated that he had just driven over a dip in the roadway and "just as soon as I came across the crest of the mountain, the hill there on the road, his truck - - I saw that stripe on the truck and then the face in the glass. That's all I saw." Brown stated that, although he was traveling within the speed limit, he was unable to stop the vehicle in time, therefore colliding with Taylor's vehicle.

{¶ 4} Taylor disputed Brown's account of the accident. According to Taylor, when he reached his driveway he proceeded to check in all directions to confirm there were no headlights or visible oncoming traffic. After confirming that there were no visible headlights approaching from any direction, Taylor testified that he proceeded to back his vehicle into his driveway.

{¶ 5} Once he had backed his vehicle into his driveway, Taylor stated that he continued to check his mirrors to ensure that he avoided the grass in his yard. Taylor explained that his automobile was struck after he was safely in his driveway, and no longer in the roadway. Taylor further identified photographs showing skid marks on his driveway, possibly indicating that Brown's vehicle had veered across the white line of the roadway and into Taylor's driveway.

{¶ 6} Following the presentation of evidence, the jury returned with a general verdict finding in favor of Taylor. However, the trial court found a discrepancy between the interrogatories and the general verdict form. As a result, the trial court informed the jury of the discrepancy and asked the jury to continue deliberations. Upon subsequent deliberation, the jury again returned a general verdict in favor of Taylor. The trial court found the general

verdict and interrogatories were consistent and entered a verdict. Brown filed a motion for JNOV or in the alternative, a motion for a new trial, which the trial court denied. Brown now appeals the decision of the trial court, raising a single assignment of error for review.

{¶ 7} THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR IN THE ALTERNATIVE MOTION FOR A NEW TRIAL BASED UPON INTERROGATORIES INCONSISTENT WITH THE VERDICT AND A JUDGMENT NOT SUSTAINED BY THE WEIGHT OF THE EVIDENCE.

{¶ 8} In his sole assignment of error, Brown alleges the trial court erred by denying his motion for a JNOV or a new trial pursuant to Civ.R. 50 and Civ.R. 59. In so doing, Brown argues that the jury's verdict should be set aside "because (1) the jury's interrogatory responses were inconsistent with the general verdict form following a reconciliation instruction thus tainting the verdict, and (2) based on the trial evidence, reasonable minds could only conclude that the appellee was negligent, his actions equate to negligence per se, and his negligence proximately caused injury to the appellant." We find no merit to Brown's argument.

{¶ 9} A motion for a JNOV under Civ.R.50(B) tests the legal sufficiency of the evidence. *Watershed Mgt. v. Neff*, 4th Dist. Pickaway No. 13CA20, 2014-Ohio-3631, ¶ 55, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, at ¶ 25. Thus, the evidence must be construed most strongly in favor of the party against whom the motion is made. *Phipps v. Internatl. Paper Co.*, 12th Dist. Clinton No. CA2013-02-003, 2013-Ohio-3994, ¶ 11; *Choate v. Tranet, Inc.*, 12th Dist. Warren No. CA2005-09-105, 2006-Ohio-4565, ¶ 48. In doing so, a trial court may not weigh the evidence or judge witness credibility. *Ginn v. Stonecreek Dental Care*, 12th Dist. Fayette Nos. CA2015-01-001 and CA2015-01-002, 2015-Ohio-4452, ¶ 17, citing *Osler v. Lorain*, 28 Ohio St.3d 345 (1986), syllabus.

**{¶ 10}** A trial court must deny a motion for JNOV if substantial evidence exists upon which reasonable minds could come to different conclusions on the essential elements of the claim. *Citibank, N.A. v. Ebbing*, 12th Dist. Butler No. CA2012-12-252, 2013-Ohio-4761, ¶ 53; *Pepin v. Hansing*, 4th Dist. Scioto No. 13CA3552, 2013-Ohio-4182, ¶ 11. Appellate courts then review a trial court's decision de novo. *Briggs v. Franklin Pre-Release Ctr.*, 12th Dist. Madison No. CA2013-10-035, 2014-Ohio-2477, ¶ 8.

**{¶ 11}** On the other hand, Civ.R.59(A) provides that a new trial may be granted to any party on any issue in a case on any of the nine enumerated grounds listed therein, or for "good cause shown." The decision to grant or deny a new trial as an alternative to a JNOV rests within the sound discretion of the trial court. As a result, we will not reverse a trial court's decision absent an abuse of discretion. *Choate* at ¶ 52.

**Consistent Verdict**

**{¶ 12}** Initially, Brown alleges that the jury returned an inconsistent verdict and the trial court's reconciliation instruction "tainted" the verdict.

**{¶ 13}** Civ.R. 49(B) states that when one or more answers to jury interrogatories are inconsistent with the general verdict, the trial court may: (1) enter judgment in accordance with the interrogatory answers, (2) return the jury for further consideration of the interrogatories and the general verdict, or (3) order a new trial. In the event of inconsistent answers to interrogatories, the court has a duty to harmonize them if possible. *Pierce v. Durrani*, 1st Dist. Hamilton No. C-140276, 2015-Ohio-2835, ¶ 23. However, in the alternative, the Ohio Supreme Court has held that "the clear, best choice [is] to send the jury back for further deliberations." *Shaffer v. Maier*, 68 Ohio St.3d 416, 421 (1994).

**{¶ 14}** When instructing the jury regarding the need to reconcile the interrogatories and verdict, the trial court must be careful not to suggest or imply that the jury came to the wrong conclusion. *Segedy v. Cardiothoracic & Vascular Surgery of Akron, Inc.*, 9th Dist.

Summit No. 24219, 2009-Ohio-2460, ¶ 36. "'A jury charge must be considered as a whole and a reviewing court must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights.'" *Lynch v. Greenwald*, 9th Dist. Summit No. 26083, 2012-Ohio-2479, ¶ 14, quoting *Perez v. Falls Financial, Inc.*, 87 Ohio St.3d 371, 376 (2000).

{¶ 15} In the present case, after the jury returned from deliberations and delivered its verdict, the trial court was alerted to a possible discrepancy between the signatures ascribed to jury interrogatory five and the general verdict form finding in favor of the defendant, Taylor.

{¶ 16} As it relates to the discrepancy, interrogatories one and two asked whether Taylor was negligent and whether that negligence was the proximate cause of Brown's injuries. The jury answered both those questions in the affirmative, with the same six jurors signing both documents. Interrogatories three and four asked whether Brown was also negligent, i.e., comparatively negligent, and whether his negligence was the proximate cause of his own injuries. To those interrogatories, the jury was unanimous in finding that Brown was comparatively negligent and his negligence was the proximate cause of his injuries. In apportioning fault in interrogatory five, the same six jurors who signed interrogatories one through four assigned Brown with 75 percent of the fault. The general verdict form in favor of Taylor was signed by seven jurors, but did not include the signature of one of the jurors who signed interrogatory five apportioning fault.

{¶ 17} The trial court, noticing that the general verdict form did not include one juror who signed interrogatory five, asked the jury to continue deliberating, as the trial court could not confirm the jury's verdict.[1] In so doing, the trial court noted the discrepancy in the forms

---

1. Although not entirely clear from the record, the trial court may have been concerned about potential application of the "same juror rule." The same juror rule is a requirement established by case law that applies in cases where comparative negligence must be determined. Jurors who seek to apportion negligence in comparative negligence cases must be the same jurors who found negligence and proximate cause. *See O'Connell v. Chesapeake & Ohio RR.*, Co., 58 Ohio St.3d 226 (1991), syllabus. In other words, if a juror did not find that a defendant was negligent, that juror could not cogently find that, for instance, the defendant was 70

and instructed the jury that there needs to be agreement in order to render a verdict and stated:

> I don't know if that's your decision or not. If it is then that other person needs to sign it, otherwise you don't have a verdict. And I'm not telling you what to do, you need to decide that for yourself.

Following additional deliberations, the jury returned, once again, with a general verdict form in favor of Taylor signed by six jurors. However, this time, those same six jurors agreed that Taylor was not negligent and therefore answered interrogatory one in the negative.[2]

{¶ 18} After review, we conclude that the jury's verdict was consistent and find no error in the underlying proceedings. The record reflects that the jury first returned a defense verdict in favor of Taylor. Although six jurors appropriately apportioned 75 percent of fault to Brown, only five of those jurors signed the general verdict form in favor of Taylor. Noting the discrepancy, the trial court decided not to accept the verdict at that time, but instead instructed the jury to return for deliberations to reconcile the interrogatories and general verdict form. The reconciliation instructions did not improperly suggest that the jurors had made the wrong decision. The trial court merely noted that one juror had signed interrogatory five, but did not sign the general verdict form and therefore "I don't know if that's your decision or not."

{¶ 19} Although the jury reached a different conclusion after further deliberations, that does not mean that the jury was confused or misled. Simply, when given another opportunity to discuss the facts of the case, the jury came to a different conclusion, this time finding that Taylor was not negligent at all in the operation of his vehicle.

{¶ 20} Moreover, as was later acknowledged, the trial court was not required to

---

percent negligent. *Dillon v. OhioHealth Corp.*, 10th Dist. Franklin Nos. 13AP-467 and 14AP-259, 2015-Ohio-1389, ¶ 21.

2. As previously noted, interrogatory one asked "[w]as defendant, David Taylor, negligent?"

instruct the jury to return for deliberations, but could have entered judgment in accordance with the interrogatory answers from the initial verdict.

> [A]ll I want to say is, based upon what happened at - - the first time, I think * * * that the appropriate thing to have done was to actually have directed the juror * * * to sign [the general verdict form], because she had signed everything else, there's no reason why she didn't sign the general verdict for [d]efendant other than she didn't.

Instead, the trial court chose to ensure that the jury's verdict was true and properly represented on the forms, which was an appropriate decision for the trial court to make. *See Shaffer*, 68 Ohio St.3d at 421 ("[t]he clear, best choice [is] to send the jury back for further deliberations"). Accordingly, we disagree with Brown's argument that the jury's verdict was inconsistent or otherwise tainted by the trial court's request to continue deliberations. Brown's first argument therefore lacks merit.

**Weight of the Evidence**

{¶ 21} Brown next alleges that the jury's verdict was not supported by the evidence. In order to establish a negligence claim, the plaintiff must demonstrate a duty owed by the defendant to the plaintiff, a breach of that duty, and that the plaintiff's injury proximately resulted from the defendant's breach of duty. *Orren v. BWF Corp.*, 12th Dist. Warren No. CA2013-11-112, 2015-Ohio-62, ¶ 16.

{¶ 22} Brown argues that Taylor was negligent in the operation of his vehicle and also alleges a violation of R.C. 4511.38, which provides that a vehicle operator "[b]efore backing * * * shall give ample warning" and "exercise vigilance not to injure person or property on the street." Brown contends that, even when construing the evidence in favor of Taylor, reasonable jurors could only conclude that Taylor was negligent and that his actions equated to negligence per se.

{¶ 23} Based on our review, we disagree with Brown's arguments. The jury heard testimony and considered evidence regarding the factual issues in the case. The jury was

presented with evidence that Taylor was off the roadway and in his driveway when Brown struck Taylor's vehicle. The jury, as trier of fact, was in the best position to assess credibility and resolve questions of fact. In sum, we find there was substantial competent evidence to support the jury's verdict and the verdict was otherwise not against the weight of the evidence. Brown's second argument is also without merit.

**{¶ 24}** Accordingly, we find the trial court did not err by denying Brown's motion for JNOV or motion for a new trial. Therefore, Brown's sole assignment of error is overruled.

**{¶ 25}** Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.