CANTERBURY, APPELLANT, *v.* THE PENNSYLVANIA RD. CO., APPELLEE.

(No. 641—Decided October 15, 1951.)

*Messrs. Young & Young,* for appellant.
*Messrs. Flynn, Py & Kruse,* for appellee.

HUNSICKER, J. Nettie Jane Canterbury, appellant herein, filed an action for personal injuries against The Pennsylvania Railroad Company, appellee here-

in, and the cause proceeded to trial in the Common Pleas Court of Erie County. Two days of hearing ensued, when it was discovered that Nettie Jane Canterbury was a minor. Counsel for The Pennsylvania Railroad Company thereupon moved for a dismissal of the action.

Counsel for Nettie Jane Canterbury, by oral motion, sought leave of the trial court to amend the petition by inserting, by interlineation, the name of James Canterbury as husband and next friend, also to allow the next friend to verify the petition as so amended, and then to refile it; and asked that the case then proceed as though it had originally been commenced by the next friend.

The trial court denied the application of counsel for Nettie Jane Canterbury and granted the motion of the railroad company. It is from such judgment, dismissing the petition of Nettie Jane Canterbury, that an appeal on questions of law is before this court.

A minor has capacity to seek redress in the court for any wrongs committed against him, but such minor cannot prosecute an action in his own name. This was the rule at common law, and our statute, Section 11247, General Code, is in accord with this rule.

The statute (Section 11247, General Code) says an action by an infant "must" be brought by his "guardian or next friend." From a reading of this statute it would appear that this is a mandatory requirement. The reason for such rule is to protect the interest of such minor, to have a party responsible for costs, and that the action shall be prosecuted in the interest of the minor. See: 21 Ohio Jurisprudence, Infants, Section 48, and authorities there cited.

The general rule in cases such as is herein considered is stated in 43 Corpus Juris Secundum, Infants, Section 108 b, to be as follows:

"It is not an absolute prerequisite to jurisdiction of an action by an infant that he should sue by guardian ad litem or next friend, and the suit or action is not void on that ground alone; it merely affects the regularity of the proceedings, and the defect is amendable; the judgment or decree is not void."

This rule is sustained by the authorities there cited.

In the case of *Urbach* v. *Urbach,* 52 Wyo., 207, 73 P. (2d), 953, 113 A. L. R., 889, at page 891, decided by the Supreme Court of Wyoming in November, 1937, a situation arose similar to the case before this court. In such case, the trial court granted the motion to substitute, as party plaintiff, a next friend, when it was discovered that the plaintiff was a minor. The similarity of the statute in Wyoming and the other jurisdictions there cited, together with the similar statutes in Ohio for the correction of such mistakes (Section 11363, General Code), persuades us that the general rule should be followed in Ohio.

It is certain, from a reading of the pleadings and the bill of exceptions, that the action was being ably prosecuted for the benefit of the minor and in the interest of such minor.

We therefore determine that the trial court should have, in the furtherance of justice, granted the application of counsel for plaintiff, Nettie Jane Canterbury, for leave to amend and to substitute her husband as party plaintiff.

The judgment of the trial court is reversed, and the cause remanded for further proceedings in accord with this opinion.

*Judgment reversed.*

FESS, P. J., and CONN, J., concur.

HUNSICKER, P. J., of the Ninth Appellate District, sitting by designation in the Sixth Appellate District.