PERDRIX MACHINERY SALES, INC., APPELLEE, *v.* PAPP, APPELLANT.

(No. 5514—Decided January 29, 1962.)

*Mr. B. Bernard Wolson,* for appellee.
*Mr. Steven L. Markowski,* for appellant.

Fess, J. This is an appeal on questions of law from a judgment of the Common Pleas Court finding that it is without jurisdiction to vacate a judgment of the Cincinnati Municipal Court and dismissing appellant's petition to vacate such judgment. Such judgment also overruled appellant's motion to discharge the proceedings in aid of execution and attachment instituted upon the transfer and recording of the Municipal Court judgment in the Common Pleas Court of Lucas County.

In his petition to vacate the judgment, defendant, appellant herein, alleges that on December 29, 1959, a judgment in the sum of $1,000 and costs was rendered by the Cincinnati Municipal Court against the defendant and in favor of the plaintiff, appellee herein, on a promissory note, by virtue of a warrant of attorney therein included; that the judgment was taken by the plaintiff for more than was due it; that thereafter the plaintiff transferred such judgment to the Toledo Municipal Court, upon which proceedings in aid were instituted; and that on December

7, 1960, the defendant filed in the Toledo Municipal Court his amended petition to vacate such judgment and also moved to discharge the proceedings in aid thereof. Defendant alleges further that he had a valid defense to the action and annexes thereto his tendered answer and cross-petition.

From the record it appears also that on December 29, 1960, a certificate of transfer of such judgment of the Cincinnati Municipal Court was also filed in the Lucas County Common Pleas Court, upon which execution was issued and returned unsatisfied. Proceedings in aid of execution were, likewise, instituted on December 29, 1960.

Thereafter, on January 6, 1961, appellant herein filed the instant petition in the Common Pleas Court to vacate such judgment of the Cincinnati Municipal Court in which he also tendered his answer and cross-petition and his separate motion to discharge the proceedings in aid of execution and attachment.

In his tendered answer and cross-petition appellant alleges, *inter alia*, that the plaintiff was not and is not now an Ohio corporation; and that the purported judgment of the Cincinnati Municipal Court, the purported certificate of judgment issued by such court on July 22, 1960, and thereafter filed on August 4, 1960, in the Toledo Municipal Court, the purported proceedings thereafter issued thereon in such court, and all purported proceedings thereafter taken in the Common Pleas Court are illegal and void.

Appellant's contention that, upon the transfer of a judgment of a court of record to another court of record, such transfer has the effect of removing the judgment from the court in which it was rendered to the transferee court, and once so removed it no longer remains the judgment of the issuing court but becomes the judgment of the transferee court as though the judgment had originally been made by the transferee court, and thereafter all postjudgment proceedings must of necessity be filed in the transferee court (supported by the decision of the Ashtabula Municipal Court in *Ohio Loan & Discount Co.* v. *Brown*, 79 Ohio Law Abs., 280) is untenable.

Section 2329.02, Revised Code, dealing with the transfer of judgments of courts of record, provides, *inter alia*:

"Each such judgment [transferred] shall be deemed to have been rendered in the county in which is kept the journal

of the court rendering the same, in which journal such judgment is entered.

"* * *

"Notwithstanding any other provision of the Revised Code, any judgment issued in a court of record may be transferred to any other court of record. Any proceedings for *collection* may be had on such judgment the same as if it had been issued by the transferee court." (Italics supplied.)

Parenthetically, it may be observed that although the provisions of Section 2715.11, Revised Code, appear to authorize service upon a nonresident garnishee of the county in which an attachment is issued, a Municipal Court only has jurisdiction to enforce collection of its own judgments within its territorial jurisdiction. *Rose* v. *Associates Discount Corp.*, 169 Ohio St., 321.

Section 2325.01, Revised Code, provides in part that the Court of Common Pleas may vacate or modify its *own* final order, judgment or decree after the term at which it was made for taking judgments upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking of such judgment.

There is one important exception to the rule that a petition to vacate a judgment must be filed in the court which has rendered the judgment. If the judgment is void *ab initio* because the court lacked jurisdiction to enter it, the validity of such a judgment may be attacked collaterally in an independent action in equity, or in an action to enjoin its enforcement, or possibly by motion to discharge an attachment. Decision of the question presented in the instant case, therefore, turns upon a determination whether the taking the judgment in the Cincinnati Municipal Court in the name of an allegedly fictitious person deprives that court of jurisdiction to enter the judgment or whether such circumstance is merely an error or such a defect in the proceedings concerning which relief may only be accorded by the filing of a petition to vacate such judgment in the court rendering it.

The Cincinnati Municipal Court had jurisdiction of the subject of the action as well as of the person of the defendant. An action must be prosecuted in the name of the real party in interest and presumably, upon failure of a party-plaintiff to show that he is the real party in interest, judgment should be

rendered for the defendant. But, in such a situation, jurisdiction of the court to render the judgment is not defeated, nor is the judgment erroneously entered void but is probably voidable at the instance of the judgment debtor upon petition to vacate the judgment on such ground. No cases directly in point have come to our attention. But in *Canterbury* v. *Pennsylvania Rd. Co.*, 158 Ohio St., 68, wherein during the trial it was disclosed that the plaintiff was a minor, it was held that the defect was not jurisdictional, and that the trial court erred in refusing to permit the minor to amend her petition by interlineation by inserting the name of a next friend. In reversing the judgment of the trial court, which had sustained defendant's motion to dismiss the action for want of capacity of the plaintiff as a minor to maintain it, this court, in its opinion, 90 Ohio App., 530, 531, relied on the following statement in 43 Corpus Juris Secundum, 281, Section 108:

"It is not an absolute prerequisite to jurisdiction of an action by an infant that he should sue by guardian ad litem or next friend, and the suit or action is not void on that ground alone; it merely affects the regularity of the proceedings, and the defect is amendable; the judgment or decree is not void."

In its opinion affirming the judgment of the Court of Appeals, the Supreme Court refers to the provisions of Section 11363, General Code (Section 2309.58, Revised Code), and quotes with approval from 27 American Jurisprudence, 838, Section 117, as follows:

"A court is not without jurisdiction to entertain a suit by an infant in his own name, but the bringing of such a suit is merely an irregularity which may be cured by thereafter appointing a next friend to prosecute the action and by amending the pleading accordingly. An objection that an infant sues without a next friend or guardian ad litem, or without a representative duly appointed by the court when appointment by the court is necessary, is a matter of procedure and not of substance, and must be made by plea in abatement or by plea or answer in the nature thereof and is waived by pleading to the merits."

Therefore, the bringing of an action in the name of a fictitious person does not deprive the court of jurisdiction to proceed with the action.

The Negotiable Instruments Act, Chapter 1301 *et seq.* of

the Revised Code, recognizes fictitious parties to a negotiable instrument. Section 1301.11 provides in part that the instrument is payable to bearer when it is payable to the order of a fictitious or nonexisting person, and such fact was known to the person making it so payable and when the name of the payee does not purport to be the name of any person. Cf. 6 Ohio State Law Journal, 89. Sections 1301.84, 1303.29 and 1305.23 also refer to fictitious parties.

The case of *Spence* v. *Emerine* (1889), 46 Ohio St., 433, is to be distinguished. In that case no fictitious person was involved but the warrant of attorney to confess judgment conferred no authority to confess judgment against the maker of the note in favor of the holder thereof to whom the payee had transferred the note by delivery. Under such circumstances, judgment having been rendered without summons or other notice to the maker, it was held that the Common Pleas Court acquired no jurisdiction over the person of the maker. It may be noted, however, in that case the opinion recites that the Court of Common Pleas acquired no jurisdiction over the person of the defendant and *erred* in rendering a judgment against him, reversed the judgment and dismissed the petition without prejudice.

In *Armstrong* v. *National Bank,* 46 Ohio St., 512, the court held:

"The rule that a negotiable instrument made payable to a fictitious person or order, is, in effect, an instrument payable to bearer, applies only where it is so made with the knowledge of the party making it, and does not apply where the maker, supposing the payee to be a real person and intending payment to be made to such person or his order, is induced by the fraud of another to so draw it."

In the instant case there is no allegation that the defendant was fraudulently induced to make the note payable to the allegedly fictitious payee. Furthermore, such a contention might be asserted as a ground for vacating the judgment in a proceeding therefor in the court rendering the judgment, but it may not be asserted in a collateral attack upon the judgment. In his fourth and fifth defenses and in his first cause of action in his cross-petition, defendant alleges that the plaintiff is an entity doing business as Perdrix Machinery Sales, Inc., which represents itself as a corporation, but which, in fact, is not a

corporation, and which is, in fact, owned and operated by one Ralph L. Perdrix, doing business as Perdrix Machinery Sales, Inc., and that such Ralph L. Perdrix, d.b.a. Perdrix Machinery Sales, Inc., and the defendant entered into an agreement whereby plaintiff employed defendant as a salesman to sell machinery for the plaintiff on a commission basis. It may thereby be inferred that at the time defendant executed the note he was not misled regarding the status of the payee of the note. If there be any merit to this contention it is one to be set up in a petition to vacate filed in the Cincinnati Municipal Court.

Upon this phase of the case it may be pointed out that under the liberal provisions of Section 2309.58, Revised Code, a court, in the exercise of its judicial discretion, has the power to permit the amendment of a petition by changing a name therein from that of a corporation originally designated as defendant to that of an individual doing business in such corporate name, to correspond to the facts. Thus, allowing an amendment changing "The W. A. Maloney Company, an Ohio Corporation," to "W. A. Maloney, doing business as The W. A. Maloney Company," is permissible. *Maloney* v. *Callahan,* 127 Ohio St., 381. Maloney's contention that the court never acquired jurisdiction of him personally because service was had upon him as an agent for a nonexistent corporation was rejected. Under the provisions of the section, the amendment with respect to the name of a party may be made before or after judgment.

The judgment of the Common Pleas Court is affirmed at defendant's costs and the cause remanded thereto for further proceedings.

*Judgment affirmed.*

SMITH, P. J., and DEEDS, J., concur.