[Cite as *N. Trust Bank FSB v. Bolognue Holdings Inc.*, 2012-Ohio-2610.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| NORTHERN TRUST BANK FSB | | C.A. No. 26210 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BOLOGNUE HOLDINGS INC., et al. | | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. 11 CVH 06233 |

DECISION AND JOURNAL ENTRY

Dated: June 13, 2012

DICKINSON, Judge.

## INTRODUCTION

{¶1} Josephine Bolognue tried to intervene in this municipal court action that was instituted by Northern Trust Bank in order to execute on the judgment it had obtained against several defendants in Summit County Common Pleas Court. Although Ms. Bolognue was not involved in the underlying common pleas case, her son, Frank Bolognue II, was one of the defendants against whom Northern Trust obtained a judgment in excess of two million dollars. Ms. Bolognue argued that she should be permitted to intervene in the municipal court action because some of her funds had been garnished in satisfaction of the judgment against her son. She testified by affidavit that the money was hers alone, although it was taken from joint bank accounts that she shared with Frank. The municipal court denied the motion because it determined that it did not have jurisdiction to rule on it. Because the municipal court incorrectly determined that it lacked jurisdiction, we reverse and remand the matter for the court to apply

Rule 24 of the Ohio Rules of Civil Procedure to determine whether Ms. Bolognue should be granted leave to intervene.

BACKGROUND

{¶2} In July 2011, Northern Trust Bank FSB obtained a judgment in the amount of $2,191,899.04 plus interest against various companies and individuals, including Frank T. Bolognue II. After the bank transferred that judgment from the common pleas court to municipal court for execution, the court issued garnishment orders to several banks regarding fifteen different accounts held in the names of various defendants in the underlying action. Three of those accounts were in Mr. Bolognue's name. His mother moved to intervene in the municipal court action to oppose the attachment of those accounts. In support of her motion to intervene as of right, Ms. Bolognue argued that several bank accounts that contain only her funds had been garnished to satisfy the judgment against her son. By affidavit, she testified that she had added her son's name to her accounts for the sake of convenience because she is ninety-three years old and living in a nursing home. She also moved for relief from the garnishment orders under Rule 60(B) of the Ohio Rules Civil Procedure.

{¶3} Northern Trust Bank opposed Ms. Bolognue's motions, arguing that it had obtained evidence tending to contradict her claim that she is the sole owner of the contested funds, including records of several "highly unusual debits from the [a]ccounts." Northern Trust argued that the motions should be denied or additional time should be granted for further discovery because "substantial factual issues remain" regarding whether the garnished funds belonged to Mr. Bolognue. The municipal court denied both motions because it determined they "would disturb the judgment rendered and are NOT PROPER to be ruled on by this Court." It

based its determination on the 1962 decision of the Sixth District Court of Appeals in *Perdrix Machinery Sales Inc. v. Papp*, 116 Ohio App. 291 (6th Dist. 1962).

## MOTION TO INTERVENE

{¶4} Ms. Bolognue's first assignment of error is that the municipal court incorrectly denied her motion to intervene. Under Rule 24(A)(2) of the Ohio Rules of Civil Procedure, "anyone shall be permitted to intervene in an action" if she timely applies and "claims an interest relating to the property or transaction that is the subject of the action and . . . is so situated that the disposition of the action may as a practical matter impair or impede [her] ability to protect that interest, unless [her] interest is adequately represented by existing parties." In this case, the trial court denied Ms. Bolognue's motions because it determined that it did not have jurisdiction to rule on them. Relying on *Perdrix Machinery*, it wrote that it was improper for it to rule on such motions because "[a] transfer [of a judgment] does not have the effect of removing all postjudgment proceedings from [the] transferor court[.]" The municipal court determined that "any filings that would disturb the judgment rendered should be filed with the Summit County Court of Common Pleas," which had issued the judgment and transferred it to the municipal court.

{¶5} The municipal court incorrectly refused to allow Ms. Bolognue to intervene in the collection proceeding on that basis because her motion to intervene did not pose any threat to the judgment rendered by the common pleas court. Ms. Bolognue sought to intervene in the collection proceeding to protect a claimed right to certain funds garnished to pay the judgment against her son. In *Perdix Machinery*, the appellate court considered a trial court's dismissal of a party's petition to vacate a judgment and a denial of the party's motion to discharge the proceedings in aid of execution on that judgment. In this case, Ms. Bolognue did not ask the

municipal court to vacate the common pleas court's judgment in favor of Northern Trust Bank nor did she ask the municipal court to discharge the proceedings in aid of execution of that judgment. According to her motions, she sought an opportunity to prove that her personal funds had mistakenly been garnished to pay a debt owed by her son.

{¶6} Ms. Bolognue asked to intervene as of right under Civil Rule 24(A). Assuming she would be granted leave to intervene, Ms. Bolognue also moved for relief from the garnishment orders affecting the bank accounts that she shares with her son Frank. As the Sixth District pointed out in *Perdrix Machinery*, the Ohio Revised Code provides that, following the transfer of a judgment, "[a]ny proceedings for collection may be had on such judgment the same as if it had been issued by the transferee court." *Perdrix Machinery Sales Inc. v. Papp*, 116 Ohio App. 291, 294 (6th Dist. 1962) (quoting R.C. 2329.02). Thus, the municipal court incorrectly determined that it lacked jurisdiction to consider Ms. Bolognue's motion to intervene. This Court remands the matter for the trial court to apply Civil Rule 24(A) and determine in the first instance whether Ms. Bolognue should be granted leave to intervene. Ms. Bolognue's first assignment of error is sustained.

## MOTION FOR RELIEF FROM JUDGMENT

{¶7} Ms. Bolognue's second assignment of error is that the trial court incorrectly denied her motion for relief from judgment. This assignment of error is overruled based on our disposition of the first assignment of error.

## CONCLUSION

{¶8} Ms. Bolognue's first assignment of error is sustained because the municipal court incorrectly determined that it lacked jurisdiction to rule on her motion to intervene. Her second

assignment of error is overruled. The judgment of the Akron Municipal Court is reversed, and this cause is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

JOSEPH A. KACYON, Attorney at Law, for Appellant.

ROBERT R. KRACHT and DANIEL M. SINGERMAN, Attorneys at Law, for Appellee.