[Cite as *Kitson v. Gordon Food Serv.*, 2016-Ohio-7079.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| TYLER KITSON | C.A. No. 15CA0078-M |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GORDON FOOD SERVICE, et al. | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellees | CASE No. 13CIV1478 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2016

WHITMORE, Judge.

{¶1} Appellant, Tyler Kitson, appeals a judgment of the Medina County Court of Common Pleas. This Court affirms.

I

{¶2} Mr. Kitson alleged that he was injured during his employment with Gordon Food Services when the door of a freezer that he was stocking struck him from behind. When his workers compensation claim was disallowed, Mr. Kitson appealed the decision to the Medina County Court of Common Pleas and filed a complaint asserting his right to participate in the workers compensation system pursuant to R.C. 4123.512. Mr. Kitson also filed a civil case in the Medina Municipal Court against a coworker, Chris Ashley. In that case, Mr. Kitson alleged that Mr. Ashley was liable for negligence, battery, assault, and intentional infliction of emotional distress in connection with his injuries. The Municipal Court transferred the case to the Court of

Common Pleas, where it was sua sponte consolidated with Mr. Kitson's workers compensation appeal.

{¶3} Mr. Kitson voluntarily dismissed his workers compensation appeal, leaving only his tort claims pending in the Court of Common Pleas. He filed an amended complaint that added a claim for bad faith against Mr. Ashley's insurer, which had assumed his defense. Mr. Ashley moved to dismiss the bad faith claim. After the trial court granted the motion to dismiss that claim, Mr. Kitson moved for default judgment against Mr. Ashley, alleging that he failed to answer the amended complaint filed in the Court of Common Pleas. The trial court denied the motion for default judgment and permitted Mr. Kitson to answer instanter. The trial court denied the parties' respective motions for summary judgment and set the matter for a jury trial.

{¶4} Before the case was submitted to the jury, the trial court granted Mr. Ashley's motion for a directed verdict with respect to Mr. Kitson's claims for assault and intentional infliction of emotional distress. The jury returned a verdict finding that Mr. Ashley was not negligent and, although he did commit battery, that Mr. Ashley's actions were not the proximate cause of Mr. Kitson's claimed injuries. The trial court entered judgment in favor of Mr. Ashley and, in the same judgment, ordered Mr. Kitson to bear the costs of the proceeding. Nonetheless, Mr. Kitson moved the trial court for an award of costs as the prevailing party thirty days after the trial court entered judgment. Only five minutes later, Mr. Kitson filed this appeal.

II

**Assignment of Error Number One**

THE TRIAL COURT ERRED WHEN IT DENIED [MR. KITSON'S] MOTION FOR COSTS AS A PREVAILING PARTY BECAUSE THE JURY FOUND [MR. ASHLEY] LIABLE FOR CIVIL BATTERY AGAINST [MR. KITSON].

**{¶5}** Mr. Kitson's first assignment of error is that the trial court erred by denying his motion to tax costs to Mr. Ashley because, according to Mr. Kitson, he was the prevailing party despite the fact that the trial court entered judgment in favor of Mr. Ashley on each claim.

**{¶6}** This Court cannot consider the merits of Mr. Kitson's argument for two fundamental reasons. Because Mr. Kitson filed his notice of appeal only five minutes after moving the trial court to award costs, the trial court did not have jurisdiction to rule on that motion. *See In re S.J.*, 106 Ohio St. 3d 11, 2005-Ohio-3215, at ¶ 9 (concluding that once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal). In this respect, we note that Mr. Kitson's motion to tax costs was directed to the substance of the jury's verdict and the trial court's judgment that Mr. Ashley's actions did not proximately result in Mr. Kitson's injuries. The motion was therefore inconsistent with this Court's jurisdiction to reverse, modify, or affirm the judgment on appeal. *See id*. When a trial court acts beyond its jurisdiction while an appeal is pending, its order is void. *Ormandy v. Dudzinski*, 9th Dist. Lorain No. 09CA009713, 2010-Ohio-2017, ¶ 11.

**{¶7}** In addition, because the trial court had already taxed costs to Mr. Kitson in the judgment, the substance of Mr. Kitson's motion is a request that the trial court reconsider an aspect of that judgment. *See Armbruster v. Loach*, 9th Dist. Lorain No. 05CA008851, 2006-Ohio-5049, ¶ 6-7 (construing a motion for costs as a motion for reconsideration and concluding that a trial court did not have jurisdiction to change the allocation of costs in response to a post-judgment motion once costs had been awarded in the final judgment). Once a trial court enters a final judgment, that judgment can only be modified as provided by the Ohio Rules of Civil Procedure, and a trial court does not have jurisdiction to reconsider the terms of a final judgment. *Id*. at ¶ 7.

{¶8} The trial court, therefore, did not have jurisdiction to reallocate costs in response to Mr. Kitson's motion. His first assignment of error is overruled.

## Assignment of Error Number Two

THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. KITSON] WHEN IT INSTRUCTED THE JURY ON PROXIMATE CAUSE AS BEING A REQUIREMENT OF CIVIL BATTERY.

{¶9} Mr. Kitson's second assignment of error argues that the trial court did not provide the jury with instructions that accurately and completely stated the law regarding Mr. Kitson's battery claim.

{¶10} Civ.R. 51(A) provides that "[o]n appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Mr. Kitson concedes that he did not object to the jury instructions as required by Civ.R. 51(A), so our review is limited to plain error. *See Yungwirth v. McAvoy*, 32 Ohio St.2d 285, 288 (1972). The Supreme Court of Ohio has explained that:

> In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.

*Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. This is a "very high standard." *Perez v. Falls Financial, Inc.*, 87 Ohio St.3d 371, 375 (2000).

{¶11} We cannot adequately review Mr. Kitson's second assignment of error in light of this standard because he has failed in his burden to provide us with an adequate record on appeal. When an appellant does not provide a complete record to facilitate our review, we must presume regularity in the trial court's proceedings and affirm. *State v. Jalwan*, 9th Dist. Medina No.

09CA0065-M, 2010-Ohio-3001, ¶ 12, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). In this case, Mr. Kitson's docketing statement indicated that the record on appeal would consist of a transcript of proceedings and either a statement prepared under App.R. 9(C) or App.R. 9(D), but Mr. Kitson did not file either a praecipe to the court reporter or an App.R. 9(C) or 9(D) statement. As such, this Court does not have a copy of the jury instructions as preserved for the record by the trial court under Civ.R. 51(A) or a record of the trial proceedings. In these circumstances, we cannot review either the content of the jury instructions as given or their context in the underlying proceedings for purposes of considering whether this is the extreme case in which we should notice plain error.

{¶12} Mr. Kitson's second assignment of error is overruled.

**Assignment of Error Number Three**

THE TRIAL COURT ABUSED ITS DISCRETION BY PERMITTING APPELLEE TO FILE AN ANSWER TO APPELLANT'S AMENDED COMPLAINT OVER TIME AND RULE.

{¶13} Mr. Kitson's final assignment of error argues that the trial court abused its discretion by allowing Mr. Ashley to file an answer to a successive amended complaint instanter after Mr. Kitson moved for default judgment. We disagree.

{¶14} Civ.R. 6(B)(2) explains when a court may grant leave for a late filing:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Civ.R. 50(B), Civ.R. 59(B), Civ.R. 59(D), and Civ.R. 60(B), except to the extent and under the conditions stated in them.

Although Civ.R. 55(A) permits a default judgment when a defendant fails to answer or otherwise defend an action, a trial court has the discretion to permit an answer to be filed after the time for

filing has run in the case of excusable neglect. *Davis v. Immediate Med. Serv., Inc.*, 80 Ohio St.3d 10, 14 (1997). "Neglect under Civ.R. 6(B)(2) has been described as conduct that falls substantially below what is reasonable under the circumstances." *Id.*, citing *State ex rel. Weiss v. Indus. Comm.*, 65 Ohio St.3d 470, 473 (1992). This determination is made with reference to all of the surrounding facts and circumstances and with due consideration for the principle that cases should be decided on their merits when possible. *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 466 (1995). A trial court's decision in this regard is reviewed for an abuse of discretion. *Id.* at 465.

**{¶15}** The trial court did not abuse its discretion in this case. Mr. Kitson filed his complaint against Mr. Ashley in municipal court on January 2, 2014. He filed his first amended complaint only four days later, and Mr. Ashley answered within the time provided by Civ.R. 12(A)(1). Six months later, the municipal court transferred the case to the common pleas court, where it was consolidated with the workers compensation appeal. On November 17, 2014, Mr. Kitson filed another amended complaint. Mr. Kitson's motion for leave to file this amendment represented that Mr. Ashley would not be prejudiced because the only change was the addition of a claim against Mr. Ashley's insurer for alleged bad faith. Mr. Ashley moved to dismiss the newly-added bad faith claim within the timeframe provided by Civ.R. 12. The trial court granted the motion to dismiss with respect to the bad faith claim, and over the next few months, Mr. Ashley continued to actively defend the action.

**{¶16}** On April 3, 2015, Mr. Kitson moved for default judgment against Mr. Ashley. In response, Mr. Ashley argued that he had actively defended the case from its inception through filing a motion for summary judgment and noted that the trial court's order that dismissed the bad faith claim left the case in exactly the same position it was in before the amended complaint

was filed. The trial court permitted Mr. Ashley to answer instanter and, on May 7, 2015, Mr. Ashley answered the amended complaint, which was then substantively identical to the pre-amendment version.

{¶17} Considering these circumstances, we cannot conclude that the trial court abused its discretion by permitting Mr. Ashley to answer the amended complaint instanter. It is a basic tenet of Ohio law that cases should be decided on their merits. *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3 (1983). Mr. Ashley had defended the action vigorously since it commenced and continued to do so between the time the trial court dismissed the bad faith claim and Mr. Kitson moved for default judgment. The dismissal of the bad faith claim left the parties in the same position they had been in before the amendment was filed, and by that point, Mr. Kitson was thoroughly informed of Mr. Ashley's potential defenses to the claims and suffered no prejudice as a result of the trial court's decision.

{¶18} The trial court did not abuse its discretion by permitting Mr. Ashley to answer the amended complaint instanter. Mr. Kitson's third assignment of error is overruled.

III

{¶19} Mr. Kitson's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT


CARR, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

NATALIE L. GRUBB and MARK E. OWENS, Attorneys at Law, for Appellant.

LAVELL O. PAYNE and LAUREL E. LETTS, Attorneys at Law, for Appellee.