[Cite as *Benedict Firelands Platt, L.L.C. v. FTFT Supercomputing, Inc.*, 2026-Ohio-678.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

Benedict Firelands Platt, LLC

    Appellee

v.

FTFT Supercomputing, Inc.

    Appellant

Court of Appeals No.  {39}H-25-016

Trial Court No.  CVG2401623

**DECISION AND JUDGMENT**

Decided: February 27, 2026

\* \* \* \* \*

Linda B. Ebersole and John J. Rutter, for appellee.

Paul V. Wolf, for appellant.

\* \* \* \* \*

**MAYLE, J.**

{¶ 1} Defendant-appellant, FTFT Supercomputing, Inc., appeals the July 23, 2025 judgment of the Norwalk Municipal Court, striking its Civ.R. 60(B) motion for relief from judgment entered in favor of Benedict Firelands Platt, LLC.  For the reasons that follow, we reverse the municipal court judgment.

## I.  Background

{¶ 2} FTFT Supercomputing entered into a commercial lease agreement with Benedict Firelands Platt.  Under that agreement, FTFT leased an industrial building

owned by Benedict located at 55 North Garfield Avenue, Norwalk, Ohio.  The initial term of the lease was December 2023 through August 2028.

{¶ 3} On November 18, 2024, Benedict filed a complaint for forcible entry and detainer in the Norwalk Municipal Court.  Benedict alleged that it terminated the lease agreement effective October 24, 2024, after FTFT defaulted, but despite posting a notice to leave the premises on October 29, 2024, FTFT had not vacated or removed all its personal property from the premises.  Benedict alleged that FTFT continued to unlawfully holdover and forcibly detain possession of the premises.  It asked the municipal court to issue a writ of restitution and possession in its favor and against FTFT. It made no claim for money damages.

{¶ 4} Service of process was completed on November 27, 2024, and a hearing was set for December 5, 2024.  Despite proper service and additional notices, FTFT failed to appear at the court hearing.  In a judgment entered on December 6, 2024, the Norwalk Municipal Court granted a writ of restitution of the premises.  A notice of eviction was posted on the entry door of the building that same day.

{¶ 5} FTFT did not appeal the ruling of the Norwalk Municipal Court or move for relief from judgment under Civ.R. 60(B).  Instead, on December 20, 2024—two weeks after the December 6, 2024 judgment was entered—FTFT filed an answer and counterclaims and a motion for temporary restraining order and permanent injunction. On December 23, 2024, it filed a first amended answer and counterclaims, with a request for damages in excess of $25,000, together with a Civ.R. 13(J) motion to transfer the case

2.

to the Huron County Court of Common Pleas, on grounds that its counterclaims exceeded the jurisdiction of the municipal court.

{¶ 6} Despite having already entered judgment on Benedict's complaint, the municipal court granted FTFT's motion to transfer and certified the case to the Huron County Court of Common Pleas on December 24, 2024.  Benedict moved the common-pleas court to strike and to dismiss FTFT's pleadings and motions.  It argued that because FTFT filed its counterclaims after the municipal court entered judgment on the sole count of Benedict's complaint, there was no cause of action pending in the municipal court.  As such, Benedict claimed, FTFT's counterclaims must be dismissed for failure to state a claim under Civ.R 12(B)(6), and its answer and motions must be stricken as moot under Civ.R. 12(F).

{¶ 7} In a judgment journalized on February 28, 2025, the Huron County Court of Common Pleas granted Benedict's motion.  It found that FTFT's answer and counterclaims, first amended answer and counterclaims, motion for temporary restraining order and permanent injunction, and motion to transfer were "untimely having been filed after the conclusion and final judgment on the sole cause of action before the Norwalk Municipal Court."  It ordered them "stricken and denied pursuant to Civ.R. 12(B)(6) as they fail to state a claim upon which relief can be granted."

{¶ 8} FTFT appealed the February 28, 2025 judgment of the Huron County Court of Common Pleas.  On June 4, 2025, while that appeal was pending, FTFT filed a Civ.R. 60(B) motion in Norwalk Municipal Court seeking relief from the municipal court's

3.

December 6, 2024 judgment. In a judgment journalized on July 23, 2025, the Norwalk Municipal Court struck the motion, finding that because the motion was filed in the municipal court after the case was transferred to the common-pleas court, the municipal court lacked jurisdiction to address it.

{¶ 9} FTFT filed the current appeal from the Norwalk Municipal Court's July 23, 2025 judgment. On October 14, 2025, it voluntarily dismissed its appeal from the February 28, 2025 judgment of the Huron County Court of Common Pleas. In the present appeal, FTFT assigns the following error:

> The trial court erred to the prejudice of Defendant-Appellant in holding that it was without jurisdiction to hear and consider Defendant-Appellant's Motion for Relief from Judgment and, therefore, striking that Motion.

## II. Law and Analysis

{¶ 10} In its sole assignment of error, FTFT argues that the municipal court erred when it concluded that it lacked jurisdiction to consider its Civ.R. 60(B) motion. It argues that the December 6, 2024 judgment of the municipal court was a final judgment on the merits of the claims, which disposed of all the issues and left nothing for further adjudication. Although FTFT—through its previous counsel—filed counterclaims then sought a transfer of the case to common-pleas court, FTFT maintains that the municipal court lacked jurisdiction to transfer the case because it had already entered a final judgment on Benedict's complaint. Likewise, it insists, the common-pleas court lacked jurisdiction to consider the transferred case because the municipal court had already

4.

disposed of all claims against all parties. FTFT contends that the Norwalk Municipal Court retained jurisdiction to grant relief from its own final judgment.

{¶ 11} Benedict acknowledges that the December 6, 2024 judgment of the municipal court was a final judgment on the merits, but it maintains that the time to appeal the municipal court's transfer order has passed, so "[a]ny arguments on this appeal concerning the transfer to the Huron County Court are therefore time-barred." It urges that under the invited-error doctrine, FTFT cannot now seek reversal of the order granting its request to transfer. Benedict complains that the appeal of the common-pleas court's February 28, 2025 judgment deprived the municipal court of jurisdiction. It claims that FTFT's Civ.R. 60(B) motion would interfere with this court's ability to "reverse, modify, or affirm" the February 28, 2025 judgment because it would nullify the municipal-court judgment that formed the basis for the common-pleas court judgment. Finally, Benedict argues that FTFT was not prejudiced by the municipal court's judgment striking its Civ.R. 60(B) motion, and it characterizes FTFT's motion as a disguised appeal of the municipal court's December 6, 2024 judgment.

{¶ 12} FTFT replies that its Civ.R. 60(B) motion was timely-filed, and it timely appealed the municipal court's judgment striking its Civ.R. 60(B) motion. It disputes Benedict's contention that the failure to appeal the municipal court's December 6, 2024 judgment precludes it from seeking relief from that judgment under Civ.R. 60(B). FTFT contends that the invited-error doctrine is inapplicable here because it never appealed the municipal court's transfer order. It claims that the transfer of the case was a nullity since

5.

final judgment had already been entered as to all the claims before the municipal court. Finally, it points out that Benedict's prejudice argument improperly suggests that this court should itself consider—and deny—the merits of FTFT's Civ.R. 60(B) motion.

{¶ 13} In its July 23, 2025 judgment, the municipal court concluded that it lacked jurisdiction to address FTFT's Civ.R. 60(B) motion. A trial court's determination that it lacks jurisdiction to determine a matter is a question of law that we review de novo. *Servpro v. Kinney*, 2010-Ohio-3494, ¶ 11 (9th Dist.), citing *Ohio Dept. of Taxation v. Kroeger,* 2007-Ohio-2859, ¶ 8 (11th Dist.), citing *Burns v. Daily*, 114 Ohio App.3d 693, 701 (11th Dist. 1996).

{¶ 14} There are two ways we can approach the issue presented in FTFT's appeal, both of which lead to the same result: that the municipal court had jurisdiction to consider FTFT's Civ.R. 60(B) motion. The first approach is to focus on the validity of the municipal court's purported transfer of the case after granting judgment to Benedict. The second is to focus on the common-pleas court's express reason for dismissing the action—i.e., that FTFT's pleadings failed to state a claim upon which relief may be granted because a final judgment had already been entered when FTFT's pleadings were filed.

### A. The municipal court's transfer order had no effect because no case remained pending at the time of the purported transfer.

{¶ 15} An answer and counterclaim may not be filed after the trial court has entered judgment on the sole cause of action before it. *See Phillips v. Thompson,* 2021-Ohio-4500, ¶ 14-16 (9th Dist.) ("Ms. Hiner and Ms. Thompson have cited to no authority

6.

authorizing the filing of a counterclaim after the trial court has entered judgment on the sole cause of action before it; let alone authority indicating the same is appropriate when that sole cause of action must be resolved in a summary proceeding."). Nevertheless, two weeks after the December 6, 2024 judgment was entered, FTFT filed an answer, counterclaim, and various motions in municipal court, and sought transfer of the matter to common-pleas court. Although the municipal court granted this motion, its transfer order had no effect because there was no pending case to transfer.

{¶ 16} "It is well settled that a trial court loses jurisdiction over a case after issuing the final judgment that resolves all claims before it." *In re Criminal Charges Against Groves*, 2018-Ohio-1406, ¶ 22 (4th Dist.), citing *Palmer v. Bowers,* 2017-Ohio-355, ¶ 11 (9th Dist.). "Thus, after a case has ended, a trial court may not continue to act, absent specific authority as prescribed by the Ohio Rules of Civil Procedure." *Id.,* citing *Allstate Ins. Co. v. Witta*, 2011-Ohio-6068, ¶ 8 (9th Dist.). "If a trial court does act outside of the specific post-judgment motions set forth in the civil rules, its ruling will be considered void." *Id.,* citing *Pitts v. Ohio Dept. of Transp.,* 67 Ohio St.2d 378, 380 (1981) and *Kitson v. Gordon Food Serv.,* 2016-Ohio-7079, ¶ 7 (9th Dist.).

{¶ 17} The Ninth District considered a similar issue in *Servpro*, 2010-Ohio-3494, at ¶ 1 (9th Dist.). In *Servpro,* the plaintiff gave notice of satisfaction and dismissed its claim against the defendants. The next day, the defendants filed an answer, counterclaim, and cross-claim. They also filed a motion for attorneys fees, alleging that plaintiff engaged in frivolous conduct. They prayed for damages in excess of the jurisdictional

7.

limit in the municipal court. Notwithstanding the fact that the plaintiff had dismissed its claim before the defendants filed their pleadings, the municipal court ordered the transfer of the case to the Summit County Court of Common Pleas. The case proceeded for almost eight months, during which time the parties participated in discovery and the trial court conducted pre-trials. Ultimately, however, the common-pleas court recognized that the transfer occurred after the plaintiff dismissed its claim. The common-pleas court dismissed the case and found all pending motions moot.

{¶ 18} The file was returned to municipal court and the defendants requested a hearing on their motion for attorneys fees. The municipal court heard argument, then issued a judgment finding that because the common-pleas court had dismissed as moot the defendants' counterclaims, cross-claims, and motion for attorney fees, the municipal court lacked authority to overturn the common-pleas-court decision dismissing the motion. The defendants appealed the municipal court's judgment, arguing that it erred by failing to conduct an evidentiary hearing on their motion for attorneys fees.

{¶ 19} The Ninth District concluded that the municipal court lacked jurisdiction to transfer the matter after the plaintiff voluntarily dismissed its complaint. It explained that there was no case pending when the defendants purported to file their counterclaims and cross-claims, therefore, there was no case in existence to transfer to the common-pleas court. As such, the court concluded, the common-pleas court's judgment finding the defendants' motion for attorney fees moot had no effect because there was no case pending before it. *Id.* at ¶ 16. The appellate court explained that the motion for attorneys

8.

fees was a collateral issue over which the municipal court had continuing jurisdiction, and it remanded the case to the municipal court.

{¶ 20} Here, as in *Servpro*, there was no case pending at the time of the transfer. As such, the transfer order and the common-pleas court judgment had no effect because the December 6, 2024 judgment was final.[1]

{¶ 21} Civ.R. 60(B) permits a court to relieve a party from a final judgment, order or proceeding for the following reasons:

> (1) Mistake, inadvertence, surprise or excusable neglect;
>
> (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
>
> (3) Fraud . . ., misrepresentation or other misconduct of an adverse party;
>
> (4) The judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (5)  Any other reason justifying relief from the judgment.

A motion filed under Civ.R. 60(B) "shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."  "A motion to vacate a judgment must be filed in the court which

---

[1] Importantly, in *Schwarzmer v. Mazzone*, 2025-Ohio-1246, cited in the dissenting opinion, the defendant's counterclaim was filed before the plaintiff's complaint was dismissed.  Thus, there was a live counterclaim to transfer.  Here, there was not.

rendered the judgment." *State v. Harroff,* 1976 WL 191092, *2 (8th Dist. July 29, 1976), citing *Perdrix Machinery Sales, Inc. v. Papp*, 116 Ohio App. 291, 294 (6th Dist. 1962).

{¶ 22} Here, FTFT's motion was filed on June 4, 2025—less than six months after the municipal court's December 6, 2024 judgment. It was timely under Civ.R. 60(B). Moreover, it was appropriately filed in the court that rendered the judgment. The municipal court, therefore, had jurisdiction to consider the motion, and it erred when it concluded otherwise.

{¶ 23} Benedict maintains that because the time to appeal the municipal court's transfer order has passed, "[a]ny arguments on this appeal concerning the transfer to the Huron County Court are therefore time-barred." However, "a void judgment can be challenged at any time." *Lingo v. State*, 2014-Ohio-1052, ¶ 25. In any event, even if the transfer order and the common-pleas court judgment were not void and could not now be challenged, we would reach the same conclusion based on the common-pleas court's disposition of the action in its February 28, 2025 judgment.

### B. The common-pleas court dismissed the case because a final judgment was entered before FTFT filed its pleadings.

{¶ 24} Upon transfer of the action to the common-pleas court, Benedict promptly moved to strike and dismiss FTFT's answer, counterclaim, and motions because no claims remained pending in the municipal court once it entered the December 6, 2024 judgment. The common-pleas court granted Benedict's motion because FTFT's filings were all filed "after the conclusion and final judgment on the sole cause before the Norwalk Municipal Court." In other words, the common-pleas court ruled that the

10.

municipal court's December 6, 2024 judgment was a final judgment, and the common-pleas court's February 28, 2025 judgment did nothing to disturb that judgment. The municipal court's December 6, 2024 judgment is the judgment from which FTFT seeks relief.

{¶ 25} As stated above, "[a] motion to vacate a judgment must be filed in the court which rendered the judgment." *Harroff,* 1976 WL 191092, at *2 (8th Dist. July 29, 1976), citing *Perdrix Machinery Sales*, 116 Ohio App. at 294 (6th Dist. 1962). Indeed, "[a] court of common pleas has no power to vacate an order rendered by a municipal court." *Lingo* at paragraph four of the syllabus. Thus, *only* the municipal court had authority to consider a motion to vacate its December 6, 2024 judgment, and the municipal court erred when it concluded otherwise.

{¶ 26} In sum, whether the transfer order and the common-pleas court judgment were nullities because the municipal court lacked jurisdiction to transfer this case, or whether the common-pleas court's February 28, 2025 judgment was effective, the end result is that the municipal court's December 6, 2024 judgment was a final judgment. The municipal court—and only the municipal court—had jurisdiction to consider FTFT's timely motion for relief from that judgment.

{¶ 27} Accordingly, we find FTFT's assignment of error well-taken.

### III. Conclusion

{¶ 28} The municipal court's decision to transfer FTFT's answer, counterclaims, and motion to the common-pleas court and the common-pleas court's judgment were

11.

nullities because FTFT's pleadings and motions were filed after the municipal court rendered its final judgment on December 6, 2024. Even if the transfer order and the common-pleas court's judgment dismissing the action were effective, the common-pleas court's judgment recognized and did not disturb the finality of the municipal court's December 6, 2024 judgment. Only the municipal court could consider a motion for relief from its final judgment, and FTFT's motion was timely-filed under Civ.R. 60(B). Accordingly, the trial court erred when it concluded that it lacked jurisdiction to consider FTFT's motion. We find FTFT's assignment of error well-taken.

{¶ 29} We reverse the July 23, 2025 judgment of the Norwalk Municipal Court and remand for the municipal court to consider FTFT's Civ.R. 60(B) motion. Benedict is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.                    _____
                                                              JUDGE
Charles E. Sulek, J.
CONCUR.                                   _____
                                                              JUDGE
Myron C. Duhart, J.
DISSENTS AND WRITES
SEPARATELY.

**DUHART, J., dissenting,**

{¶ 30} I respectfully dissent. I would affirm the judgment of the Norwalk Municipal Court because the municipal court correctly determined that once it exercised its jurisdiction and ordered the transfer of the case to the common pleas court on December 24, 2024, it lacked jurisdiction to rule upon FTFT's June 4, 2025 Civ.R. 60(B) motion seeking relief from the municipal court's December 6, 2024 judgment.

{¶ 31} The majority opinion concludes in this case that the municipal court's transfer order had no effect because "no case remained pending at the time of the purported transfer," or, alternatively, because the common pleas court's February 28, 2025 judgment "did nothing to disturb" the municipal court's December 6, 2024 judgment from which FTFT seeks relief. I believe that both of these conclusions are faulty because they ignore the fact that the municipal court's transfer, even if made in error, vested jurisdiction over the case in the common pleas court, leaving the municipal court without authority to rule on FTFT's subsequently filed Civ.R. 60(B) motion.

{¶ 32} "Jurisdiction" includes both "jurisdiction over the subject matter and over the person." *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11. "[S]ubject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, [and] it can never be waived and may be challenged at any time." *Id.* "A court's subject-matter jurisdiction is determined without regard to the rights of the parties involved in a particular case." *State ex rel. Schwarzmer v. Mazzone*, 2025-Ohio-1246, ¶ 13, citing *Ank of Am., N.A. v. Kuchta*,

2014-Ohio-4275, ¶ 19. If a court acts without subject-matter jurisdiction, its orders are void. *Id.*

{¶ 33} But "jurisdiction" has also been used to refer "to a court's exercise of its jurisdiction over a particular case." *Pratts* at ¶ 12. This type of jurisdiction "encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction." (Internal quotation and citation omitted.) *Id.*

{¶ 34} Thus, the *Schwarzmer* court has recognized "'a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it.'" *Schwarzmer* at ¶ 13, quoting *Pratts,* at ¶ 10. "[L]ack of jurisdiction over [a] particular case merely renders [a] judgment voidable." *Id.*

{¶ 35} Regarding challenges to an order transferring a case, the *Schwartzmer* court made clear that "[a] motion to transfer is not a final order subject to *immediate* appeal, but the propriety of a court's retaining a case after transfer may be challenged for an abuse of discretion on appeal *after a final judgment.*" (Emphasis in original.) *Id*. at ¶ 21, citing Civ.R. 3(H); *State ex rel .Dannaher v. Crawford*, 1997-Ohio-72, ¶ 20; *see also In re J.J.* at ¶ 15-16 (where alleged erroneous transfer did not affect the jurisdiction of the juvenile court, appellant had a duty to object and to timely preserve the issue for appeal; in failing to do so, appellant waived the issue for purposes of review).

{¶ 36} Applying the foregoing authority to the facts of this case, my analysis would begin with the question of whether the Huron Court of Common Pleas possessed

14.

subject-matter jurisdiction in this case. If the common pleas court did possess subject-matter jurisdiction, I believe the next question would be whether that court improperly exercised that subject-matter jurisdiction once conferred upon it.

{¶ 37} Common pleas courts are courts of general subject-matter jurisdiction with power over "'all matters at law and in equity that are not denied to [them].'" *Schwarzmer* at ¶ 14, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559 (1891). "In civil cases, the common pleas courts have subject-matter jurisdiction over all cases involving a value that exceeds the monetary jurisdiction of the county courts." *Id.*, citing R.C. 2305.01; R.C. 1907.03.

{¶ 38} R.C. 1901.17 states in relevant part: "A municipal court shall have original jurisdiction only in those cases in which the amount claimed by any party * * * does not exceed fifteen thousand dollars[.]" R.C. 1901.22(E) provides: "In any action in a municipal court in which the amount claimed by any defendant in any statement of counterclaim exceeds the jurisdictional amount, the judge shall certify the proceedings in the case to the court of common pleas.[.]" *See also* Civ.R. 13(J).

{¶ 39} In *Schwartzmer*, the Supreme Court characterized the transfer of the appellant's case from the municipal court to the common pleas court as "putatively proper" because the monetary value of the damages alleged in the counterclaim exceeded $15,000. *Id.* at ¶ 14. In this case, as well, there is no question that the transfer to the court of common pleas court based on the monetary value of the damages alleged in the

counterclaim exceeding $25,000 was "putatively proper," and, as a result, the court of common pleas had subject-matter jurisdiction over the case.

{¶ 40} Having established that the common pleas court possessed subject-matter jurisdiction in this case, I believe the next question should be whether the common pleas court -- having received the case after the municipal court issued a final judgment on the merits of Landlord's complaint for forcible entry and detainer -- improperly exercised its subject-matter jurisdiction once conferred upon it.

{¶ 41} The *Schwarzmer* court explained that "If a court has subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case…must wait to be challenged until appeal of the final judgment." *Id.* at ¶ 13, citing *Schlegel v. Sweeney*, 2022-Ohio-3841, ¶ 8, quoting *State ex rel Huntington Natl. Bank v. Kontos*, 2015-Ohio-5190, ¶ 17 ("The availability of an 'appeal is considered an adequate remedy that will preclude a writ of prohibition.'"); *see also In re J.J.*, 2006-Ohio-5484, at paragraph one of the syllabus (the Ohio Supreme court clarified that in a court that possesses subject-matter jurisdiction, procedural irregularities in the transfer of a case -- such as the transfer of a case to a visiting judge -- affect the court's jurisdiction over the particular case and render the judgment voidable, not void).

{¶ 42} Given the procedure prescribed in *Schwarzmer* for challenging the exercise of jurisdiction over a case, I would find that any error in the common pleas court's exercise of that jurisdiction should have been raised on appeal of the common pleas court's judgment. *See id.* at ¶13, 21 (stating that if the appellant's action failed in the

16.

common pleas court, he could then "appeal the judgment and challenge the propriety of the court's discretionary decision to transfer the case [from the municipal court to the common pleas court]"). There is no question that when FTFT appealed the common pleas court's February 27, 2025 final judgment, it could have challenged the propriety of the municipal court's discretionary decision to transfer the case – assuming it had preserved the issue for appeal in the trial court.[2] *See id.*; *In re J.J.*, 2006-Ohio-5484, at ¶ 15-16. In light of FTFT's failure to make such a challenge, I would consider the matter to have been waived. As jurisdiction remained vested in the common pleas court, I would conclude that the municipal court was correct in its determination that it lacked jurisdiction to address FTFT's Civ.R. 60(B) motion for relief from judgment.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

---

[2] I acknowledge that this might have been an unlikely challenge for FTFT to mount, since the decision to transfer was rendered at FTFT's behest.

17.