[Cite as *Coastline Ohio, LLC v. Extended Family Concepts, Inc.*, 2011-Ohio-811.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

COASTLINE OHIO, LLC, ET AL.

     Plaintiff-Appellees

-vs-

EXTENDED FAMILY CONCEPTS, INC.
DBA HEATHER RIDGE COMMONS

     Defendant-Appellants

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Julie A. Edwards, J.

Case No. 2010CA00113

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2010CV00917 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 22, 2011 |

APPEARANCES:

For Plaintiff-Appellees
Coastline Ohio LLC

COLLEEN M. O'NEIL
NATHAN A. WHEATLEY
ALEXANDER B. REICH
Calfee, Halter & Griswold, LLP
1400 KeyBank Center
800 Superior Avenue
Cleveland, Ohio 44114

For Defendant-Appellants

JAMES M. MCHUGH
JOHN D. RAMSEY
Tzangas, Plakas, Mannos & Raies, LTD.
220 Market Avenue, South
Eighth Floor
Canton, Ohio 44702

For Receiver, SAK-Ohio

NANCY A. VALENTINE
JEFFREY A. BRAUR
EMILY W. LAKKY
Hahn Loeser & Parks, LLP
200 Public Square Suite 2800
Cleveland, Ohio 44114

*Hoffman, P.J.*

{¶1} Defendant-appellant Extended Family Concepts, Inc. d/b/a/ Heather Ridge Commons appeals the April 8, 2010 Order of the Stark County Court of Common Pleas appointing Appellee SAK Management – Ohio, LLC as receiver. Plaintiff-appellee is Coastline Ohio, LLC.

## STATEMENT OF THE FACTS AND CASE

{¶2} Extended Family Concepts, Inc. d/b/a Heather Ridge Commons ("Extended Family") provides assisted living facilities to residents in Stark County. In August of 2007, Heather Ridge entered into a loan agreement with Affinity Bank, a California company later acquired by Pacific Western Bank from the Federal Deposit Insurance Corporation. In February of 2010, Coastline Ohio, LLC ("Coastline") acquired all of the rights and interests of Pacific Western Bank through various agreements.

{¶3} Following Appellant's alleged default on the loan agreement, Coastline filed the complaint in this matter for collection on a note, foreclosure, replevin and appointment of receiver against Extended Family.

{¶4} The trial court conducted an evidentiary hearing on the motion for appointment of receiver on March 17, 2010.

{¶5} Via Judgment Entry of March 23, 2010, the trial court stated it was not convinced SAK Management – Ohio, LLC should be appointed receiver in this matter and ordered the parties to meet with Gregory F. McNulty III, CPA, JD of Bruner Cox, LLP to review Appellant's financials and to determine whether or not the firm could act as receiver in this matter. It was later determined Bruner Cox, LLP could not be appointed as receiver due to a conflict of interest.

{¶6} As a result Appellee Coastline filed a motion for reconsideration of the trial court's March 23, 2010 Judgment Entry requesting appointment of SAK as receiver citing the conflict of interest and SAK's industry experience.

{¶7} On March 30, 2010, the trial court issued an Order Appointing Receiver in which the court appointed SAK Management-Ohio, LLC, Inc., through Suzanne Koenig, its sole member, as receiver of all the assets and all real and personal property of Extended Family.

{¶8} On March 31, 2010, Appellant Extended Family filed a motion for reconsideration of the court's appointment of receiver by order of March 30, 2010. The motion cites the trial court's March 23, 2010 Judgment Entry arguing the trial court found SAK Management-Ohio, LLC, through Suzanne Koenig, its sole member, an inappropriate appointment with all powers enumerated in Plaintiff's proposed order. Further, Appellant Extended Family argued service of Appellee's motion for reconsideration was not made upon counsel for Extended Family until March 29, 2010, therefore, Extended Family did not have adequate notice and/or opportunity to be heard before the trial court issued its order.

{¶9} On Motion of Extended Family, the trial court stayed execution of the March 30, 2010 order pending hearing of Appellant's motion for reconsideration.

{¶10} On April 8, 2010, the trial court issued an order amending, in part, the order appointing the receiver, and vacating the stay of execution. The order amended the scope of authority of the receiver, but reaffirmed the decision to appoint SAK Management-Ohio, LLC, through Suzanne Koenig, its sole member, as receiver.

{¶11} Appellant Extended Family now appeals, assigning as error:

{¶12} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY ENTERING ITS APRIL 8, 2010 ORDER WHICH APPOINTED SAK MANAGEMENT-OHIO, LLC, AS RECEIVER AND GRANTED SAK MANAGEMENT-OHIO THE EXTENSIVE POWERS ENUMERATED IN THE STAYED MARCH 30, 2010 ORDER."

{¶13} Initially, we note, a trial court's decision to appoint a receiver is reviewed under an abuse of discretion standard. *Equity Centers Development Company v. South Coast Centers, Inc.* (1992), 83 Ohio App.3d 643. An abuse of discretion means more than an error of law or judgment, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶14} Extended Family asserts the trial court's March 23, 2010 Judgment Entry found SAK Management-Ohio, LLC to be an inappropriate selection for receiver. Yet Appellant's brief admits the trial court "properly appointed a receiver after considering hours of testimony and other evidence at the March 17, 2010 hearing." Appellant Extended Family has provided no authority to suggest the trial court exceeded its broad statutory discretion to define a receiver's powers.

{¶15} We find Appellant's brief mischaracterizes the language of the trial court's March 23, 2010 Judgment Entry asserting the trial court rejected or found SAK inappropriate for appointment as the receiver. The trial court's Judgment Entry states,

{¶16} "However, at this time the Court is not convinced that SAK Management-Ohio, LLC, through Suzanne Koenig, its sole member, should be appointed as receiver with all powers enumerated in Plaintiff's proposed order.

**{¶17}** "<u>Instead</u>, the Court ORDERS the parties to meet with Gregory F. McNulty, III, C.P.A., J.D., of Bruner-Cox, LLP to review Defendant's financials and to determine whether or not the firm is in a position to act as receiver in this matter.\*\*\*" (Emphasis added.)

**{¶18}** The trial court never made a finding SAK Management-Ohio, LLC was inappropriate for appointment as receiver.  Rather, the trial court seemingly makes a preference for a local appointment instead of the out-of-town SAK.  The statement the court is "not convinced" is not tantamount to a finding of "inappropriate" or rejection. Upon discovery of a conflict of interest with Bruner Cox, the trial court then proceeded to reconsider and appoint SAK Management-Ohio, LLC.

**{¶19}** Appellant thinly veils the procedural history asserting the trial court did not afford Appellant notice or an opportunity to be heard.  However, a review of the record demonstrates the trial court stayed execution of its March 30, 2010 Order pending a hearing on Appellant's motion for reconsideration.  The trial court issued an order amending in part the order appointing the receiver on April 8, 2010, which indicates the trial court further considered the matter based upon the April 5, 2010 hearing.  We find the trial court provided Appellant Extended Family notice and opportunity to be heard before issuing its April 8, 2010 Order.

**{¶20}** We do not find the trial court abused its discretion in appointing SAK Management-Ohio LLC as receiver in this matter, and Appellant Extended Family's sole assignment of error is overruled.

By: Hoffman, P.J.

Wise, J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| COASTLINE OHIO, LLC, ET AL. | : | |
| | : | |
| Plaintiff-Appellees | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| EXTENDED FAMILY CONCEPTS, INC. | : | |
| DBA HEATHER RIDGE COMMONS | : | |
| | : | |
| Defendant-Appellants | : | Case No. 2010CA00113 |

For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS