[Cite as *Palmer v. Bowers*, 2017-Ohio-355.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

RICHARD PALMER

  Appellant

  v.

ROBERT J. BOWERS, et al.

  Appellees

C.A. No.  15CA010836

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.  12CV178356

DECISION AND JOURNAL ENTRY

Dated: January 31, 2017

CARR, Presiding Judge.

{¶1} Appellant Richard Palmer appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In late 2012, Palmer filed a shareholder derivative action on behalf of appellee/nominal defendant Hall Contracting Services, Inc. ("HCS") against appellees Robert and Judith Bowers.[1] Palmer sought declaratory and injunctive relief, as well as an accounting and compensatory and punitive damages. The lawsuit was premised on the following allegations. One of two majority shareholders (Graham Hall) acquired the shares of Robert Bowers to obtain, along with another shareholder (Robert MacKenzie) a supermajority which allowed them to amend the Majority Shareholders Agreement without notice to or input from the other shareholders, including Palmer. Robert Bowers then acquired Hall's and MacKenzie's

---

[1] Palmer also named as a defendant Graham Hall who is not a party to this appeal.

shares and claimed the titles of Chairman and CEO of HCS. At some point, Judith Bowers came into possession of Hall's and MacKenzie's former shares. Over the course of the litigation, Robert and Judith Bowers, HCS, and Hall filed their own counterclaims, cross-claims, and third-party claims.

{¶3} Soon after filing his complaint, Palmer filed a motion for a temporary restraining order wherein he requested an order prohibiting Robert and Judith Bowers from voting any HCS stock either spouse possessed and from liquidating any company assets, requiring Robert Bowers to preserve and return all trade secrets and confidential information taken from HCS, given his affiliation with a competitor, and prohibiting Robert Bowers from disseminating any confidential or proprietary information and trade secrets of HCS. At the hearing on Palmer's motion, the parties entered into a handwritten agreed order, signed by the court, and filed as part of the record. The agreed order provided as follows: (1) Judith Bowers must withdraw the pending notice of shareholder meeting and not make any further efforts or issue any further notice to vote any shares of HCS during the pendency of the agreed order; (2) Palmer withdraws his motion for temporary restraining order to enjoin a scheduled auction of the equipment of HCS; and (3) the proceeds of the upcoming auction must be deposited into HCS's general account and used exclusively in the ordinary course of business.

{¶4} During the pendency of the case, the parties engaged in discovery and extensive motion practice. Eventually, Robert and Judith Bowers filed a "motion to vacate agreed order of November 27, 2012[,]" the issue giving rise to the instant appeal. They argued that the agreed order should be vacated to allow Judith Bowers the ability to call a shareholders meeting and vote her shares in order to "operate the business." The motion invoked neither Civ.R. 60(B) nor

the trial court's inherent authority, although the agreed order stated that Judith Bowers would not attempt to vote any shares of HCS "during the pendency of this order."

{¶5} Palmer filed a brief in opposition to the motion to vacate the parties' agreed order. He argued that vacation of the agreed order would deny him of the benefit of his bargain in entering into the agreement. Palmer agreed to withdraw his request for an order restraining the sale of certain HCS equipment in exchange for a restraint on Judith Bowers' attempts to vote any shares of HCS she may own. Based on that agreement, company equipment was sold and the proceeds were utilized in the ordinary course of business.[2] To vacate the agreed order to allow Judith Bowers to vote her shares (which constitute a supermajority of all shares, thus guaranteeing success of her vote), Palmer argued, would deprive him of the very consideration he was to receive in exchange for withdrawing his request for a temporary restraining order.

{¶6} Four months after filing their motion to vacate the agreed order, Robert and Judith Bowers filed a reply in support of that motion, for the first time invoking Civ.R. 60(B) relief. They relied on Civ.R. 60(B)(4) and (5), arguing that Palmer's actions since the institution of this case had served to render the proscription against Judith Bowers' attempts to vote her shares inequitable and unjust. Palmer moved to strike their reply, arguing that it raised new issues and grounds not raised in the original motion. They opposed Palmer's motion to strike, arguing that the motion to vacate the agreed order "was always premised on Civ.R. 60(B)."

{¶7} The trial court granted the Bowerses'/HCS' motion to vacate the agreed order of November 27, 2012. The court's journal entry reads in its entirety as follows:

> Defendants Hall Contracting and Robert and Judith Bowers request this court vacate the agreed order accepted by all parties at the time [Palmer] filed for a TRO. The court finds that the circumstances under which the TRO was originally

---

[2] Palmer asserts that certain proceeds were also used beyond the permissible scope of the agreed order, but that issue is not before this Court at this time.

filed back in 2012 have changed dramatically. The TRO is vacated. If any party believes that a[] TRO is still necessary under current conditions, then such party can file a new request for a TRO and demonstrate that it is warranted. However, having read the briefs submitted on this issue, the court notes that irreparable harm would appear to be difficult to demonstrate as monetary damages are available and would provide a sufficient remedy.

{¶8} Palmer appealed from the order vacating the agreed order, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY VACATING THE NOVEMBER 27, 2012 AGREED AND FINAL ORDER WHICH ENJOINED DEFENDANT-APPELLEE JUDITH BOWERS FROM VOTING ANY SHARES OF COMMON STOCK PURPORTEDLY HELD IN DEFENDANT-APPELLEE HALL CONTRACTING SERVICES, INC. IN THE ABSENCE OF A PROPERLY SUPPORTED AND TIMELY FILED MOTION PURSUANT TO AND IN COMPLIANCE WITH CIV.R. 60(B).

{¶9} Palmer's sole assignment of error raises a purely procedural challenge to the trial court's order. Specifically, Palmer contends that the trial court erred in vacating the November 27, 2012 order because it lacked the authority to do so. According to Palmer, the trial court was without jurisdiction to vacate the parties' agreed order in the absence of a timely-filed and properly-supported Civ.R. 60(B) motion.

{¶10} Although we agree with many of the general concepts set forth in Palmer's brief, we disagree that they apply here. It is well settled that a trial court loses jurisdiction over a case after issuing the final judgment that resolves all claims before it. *See, e.g., Fiore v. Larger*, 2d Dist. Montgomery Nos. 05-CV-6054, 07-CV-8371, 2009-Ohio-5408, ¶ 36. Thus, after a case has ended, a trial court may not continue to act, absent specific authority as prescribed by the Ohio Rules of Civil Procedure. *See Allstate Ins. Co. v. Witta*, 9th Dist. Summit No. 25738, 2011-Ohio-6068, ¶ 8. If a trial court does act outside of the specific post-judgment motions set

forth in the civil rules, its ruling will be considered void. *Pitts v. Ohio Dept. of Transp.,* 67 Ohio St.2d 378, 380 (1981); *Kitson v. Gordon Food Serv.*, 9th Dist. Summit No. 15CA0078-M, 2016-Ohio-7079, ¶ 7.

{¶11} Before final judgment is issued, however, a trial court possesses jurisdiction and is authorized to rule on the matters before it. Its authority, therefore, is not restricted to the specific post-judgment motions set forth in the Ohio Rules of Civil Procedure. *See Witta*, *supra*. Thus, while a case is pending, trial courts can, and routinely do, issue various interlocutory orders that modify, dissolve, vacate, and otherwise affect prior interlocutory orders – both final and non-final. *See Sepela v. MBL Partners, Ltd.*, 12th Dist. Clermont No. CA2000-06-038, 2000 WL 1875812, *1 (Dec. 26, 2000) (dissolving a preliminary injunction). *See also Katherine's Collection, Inc. v. Kleski*, 9th Dist. Summit No. 26477, 2013-Ohio-1530 (modifying a preliminary injunction); *Coastline Ohio, LLC v. Extended Family Concepts, Inc. d/b/a Heather Ridge Commons*, 5th Dist. Stark No. 2010CA00113, 2011-Ohio-811, ¶ 10 (amending an order appointing a receiver).

{¶12} We disagree, therefore, that the trial court lacked authority to issue the order appealed absent a timely and proper Civ.R. 60(B) motion. Because the matter was still pending, the trial court retained jurisdiction over the issues, and a Civ.R. 60(B) motion was not required. The assignment of error is overruled.

III.

{¶13} Palmer's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

6

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

MOORE, J.
HENSAL, J.
CONCUR.


APPEARANCES:

JAMES F. KOEHLER and TIMOTHY J. FITZGERALD, Attorneys at Law, for Appellant.

KIRK W. ROESSLER, BONNIE S. FINLEY, and SARA RAVAS COOPER, Attorneys at Law, for Appellees.