[Cite as *Patterson v. Nationwide Truck Brokers, Inc.*, 2020-Ohio-4803.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ERIC L. PATTERSON, et al.

    Appellants

    v.

NATIONWIDE TRUCK BROKERS, INC.,
et al.

    Defendants

    and

SWAGELOK COMPANY WELFARE
BENEFITS PLAN

    Appellee

C.A. No.      29715

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2016-11-4897

DECISION AND JOURNAL ENTRY

Dated: October 7, 2020

CALLAHAN, Presiding Judge.

{¶1} Appellants, Eric and Laura Patterson ("the Pattersons") appeal an order of the Summit County Court of Common Pleas that determined that it lacked jurisdiction to consider their motion for sanctions. This Court reverses.

I.

{¶2} The Pattersons filed a complaint against an alleged tortfeasor and related parties after Mr. Patterson was injured in an automobile accident. The complaint also named the Swagelok Company Welfare Benefit Plan ("the Plan") as a defendant, noting that the Plan may

have paid medical bills on Mr. Patterson's behalf and requiring the Plan to assert its subrogation rights, if any. The Plan asserted a right to subrogation and reimbursement with respect to medical bills that it paid. During the course of the litigation, the Plan produced a summary plan description, but did not produce a plan document. The parties resolved all of the claims at issue and, on July 19, 2017, all claims were dismissed with prejudice pursuant to a joint stipulation of dismissal.

{¶3} On March 7, 2019, the Pattersons filed a motion for sanctions, alleging that in a second, unrelated case, the Plan produced the relevant plan document and that it contradicted the summary plan description provided in this case with respect to subrogation rights. The trial court concluded that because this case had been dismissed and the trial court neither reserved jurisdiction over the settlement nor incorporated the terms of the settlement into the dismissal, it did not have jurisdiction to act. The Pattersons filed this appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN HOLDING THAT IT DID NOT RETAIN JURISDICTION TO CONSIDER PLAINTIFFS-APPELLANTS' MOTION FOR SANCTIONS FOLLOWING THE VOLUNTARY DISMISSAL OF ALL CLAIMS PURSUANT TO CIV.R. 41(A).

{¶4} In the Pattersons' sole assignment of error, they argue that the trial court erred by concluding that it lacked jurisdiction to consider their motion for sanctions. Specifically, they maintain that their motion for sanctions raised a collateral issue that could be considered by the trial court notwithstanding the stipulated dismissal with prejudice.

{¶5} As a general rule, a trial court does not have jurisdiction over a case once a final judgment has been entered, but may act when specific authority is granted it to do so. *Palmer v. Bowers*, 9th Dist. Lorain No. 15CA010836, 2017-Ohio-355, ¶ 10. Similarly, a trial court does not have jurisdiction to enforce a settlement agreement after a dismissal has been entered unless

jurisdiction to do so was reserved in the dismissal or the terms of the settlement were incorporated therein. *Infinite Security Solutions, L.L.C. v. Karam Properties II, Ltd.*, 143 Ohio St.3d 346, 2015-Ohio-1101, syllabus. In various circumstances, however, courts have also concluded that after a dismissal, a trial court may consider a motion for sanctions because such a motion is collateral to the proceedings. *See, e.g., Sunrise Coop., Inc. v. Joppeck*, 9th Dist. Lorain No. 16CA010984, 2017-Ohio-7654, ¶ 21 (concluding that a motion for sanctions can be considered after a dismissal for lack of subject matter jurisdiction over the case); *Ohio Civ. Rights Comm. v. GMS Mgt. Co., Inc.*, 9th Dist. Summit No. 19814, 2000 WL 840495, *2 (June 28, 2000), quoting *Baker v. USS/Kobe Steel Co.*, 9th Dist. Lorain No. 98CA007151, 2000 WL 14044, *2 (Jan. 5, 2000); (noting that courts retain jurisdiction after a voluntary dismissal to consider motions for sanctions under R.C. 2323.51 and Civ.R. 11); *Lewis v. Celina Fin. Corp.*, 101 Ohio App.3d 464, 470 (3d Dist.1995) (recognizing that a motion for sanctions can be considered after a voluntary dismissal because "any other result would permit a party to voluntarily dismiss an action to evade an award of sanctions[.]"). *See generally State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, ¶ 23; *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 556 (2001).

{¶6} The trial court concluded that it lacked jurisdiction to consider the Pattersons' motion for sanctions without considering whether it was a collateral motion that could be considered after the stipulated dismissal. In this respect, this Court agrees that the trial court erred, but we decline to consider that question in the first instance. *See Allen v. Bennet*, 9th Dist. Summit Nos. 23570, 23573, 23576, 2007-Ohio-5411, ¶ 21. Likewise, this Court makes no determination regarding the merits of the Pattersons' motion.

{¶7} The Pattersons' assignment of error is sustained.

III.

{¶8}   The Pattersons' assignment of error is sustained, and the judgment of the Summit County Court of Common Pleas is reversed.   This matter is remanded to the trial court for proceedings consistent with this Court's resolution of the Pattersons' assignment of error.

Judgment reversed
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.   A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.   App.R. 22(C).   The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

BENJAMIN P. PFOUTS, Attorney at Law, for Appellant.

SHAUN D. BYROADS and DARAN KIEFER, Attorneys at Law, for Appellee.